**GENERAL INSURANCE COMPANY OF AMERICA, Appellant,**

v.

**WESTERN CASUALTY & SURETY COMPANY, Appellee.**

**No. 19013.**

United States Court of Appeals Ninth Circuit.

Aug. 4, 1964.

Arthur L. Smith, Albaugh, Bloem, Smith & Pike, Idaho Falls, Idaho, for appellant.

O. R. Baum, Ben Peterson, John B. Kugler, Pocatello, Idaho, for appellee.

Before ORR, HAMLEY and BROWNING, Circuit Judges.

ORR, Circuit Judge.

At all times pertinent here Teller Construction Company was engaged in building a bridge across the Snake River in Idaho. Ready-mix concrete was a material used in the construction. Horrocks Ready-Mix Concrete Company provided concrete at the job.

General Insurance Company of America was the insurer of Teller and Western Casualty & Surety Company was the insurer of Horrocks.

The operation of the delivery of the ready-mix at the construction site was as follows. Teller operated a crane to which was affixed a cable and bucket. Horrocks would drive a load of concrete to a point where the bucket could be lowered to allow concrete to flow from the truck to the bucket. After the bucket was filled it was hoisted and the concrete distributed from it to the place needed in the construction. At the time in question here a loaded truck arrived at the construction site and was spotted for unloading. One Korth, a state concrete inspector, climbed upon the truck to make an inspection of its contents. While so engaged, the bucket was lowered, and in the process thereof struck and injured Korth.

The operator of the crane with which the bucket was raised and lowered was an employee of Teller.

Korth brought suit in the state court of Idaho for damages, naming Teller, Horrocks, the crane operator, and the truck driver as defendants.

General Insurance Company sought a declaration in the United States District Court that Western was obligated to furnish a defense in the state court action because of a provision in the insurance policy it issued to Horrocks on its truck, which provides, in effect, for liability in the event of injury caused by one using said truck with consent of the owner[1]

■ Hence, the sole issue before us is: Was the crane operator "using" the truck within the meaning of the omnibus clause of appellee's insurance contract? We think, as did the trial court, that the question requires a negative answer. To hold otherwise does not comport with any normal use of the word and is unrealistic.

■ In construing the meaning of the word "using" as it is contained in the policy of insurance we look to the plain and ordinary sense in which the word is generally used. To support appellant's contention would require the view that a crane operator who merely sets a bucket behind a truck to receive concrete is using a truck, and further, that a crane operator who is in the process of setting a bucket behind a truck, which is not yet prepared to unload, is also using a truck. We cannot stretch the word "using" to such lengths.

If unloading had been in progress at the time of the accident, we cannot agree that the mere operation of the bucket was a "use" of the truck by the crane operator. More basically, however, we are convinced that the unloading process had not yet begun at the time when Korth was injured. The engines on the cement truck had not been reversed and the unloading chute had not yet swung into position, both of which actions are necessary before the unloading of the truck is possible.

Had the omnibus clause of the insurance contract extended coverage to those "loading and unloading" a vehicle, then perhaps the broader interpretation urged by appellant would be justified. See Connecticut Indemnity Co. v. Lee et al., 1 Cir., 168 F.2d 420; Pacific Automobile Ins. Co. v. Commercial Cas. Ins. Co., 108 Utah 500, 161 P.2d 423, 160 A.L.R. 1251; 160 A.L.R. 1259. Here, however, there is no "loading and unloading" clause; the contract merely contains the word "using". In these circumstances we are persuaded that the activity of the crane operator should not be included.

Affirmed.

---

1. The omnibus clause provides, in part: "The unqualified word "insured" includes the named insured and also includes * * * (2) under coverages A and B, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. * * *"