## 18896

Lee PLAXCO, Appellant, v. UNITED STATES FIDELITY & GUARANTY COMPANY, Respondent

(166 S. E. (2d) 799)

438

*Eddie R. Harbin, Esq.,* of Greenville, *for Appellant,*

*Messrs. Haynsworth, Perry, Bryant, Marion & John-stone,* of Greenville, *for Respondent,*

March 24, 1969.

LEWIS, Justice.

The question to be decided in this case is whether the use by an insured of his automobile battery to crank the engine of his airplane, by connecting the batteries of the two vehicles with "jumper cables," constituted a use of the automobile within the meaning of an automobile liability insurance policy which provided coverage for damages "arising out of the ownership, maintenance or use of any automobile." We have concluded that it did not.

The automobile liability policy involved was issued by the defendant, United States Fidelity & Guaranty Company, to the plaintiff, Lee Plaxco, and obligated the company "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of any automobile." In addition, the policy provided that the insurer, with respect to such coverage, "shall: (a) defend any suit against the insured alleging such * * * destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; * * *."

The facts are stipulated. On the morning of December 25, 1966, the plaintiff drove his automobile to the Greenville Municipal Airport for the purpose of making a trip in his airplane. The battery in his airplane was either dead or too weak to start the engine. He then drove his automobile under the left wing of the airplane and connected the batteries of the two vehicles by the use of "jumper cables" so that he could use the automobile battery as a booster to start the airplane engine. When this had been done, he entered the airplane, started its engine, engaged the brakes, and then alighted to disconnect the "jumper cables," leaving the airplane engine running. After plaintiff had disconnected one of the cables from the automobile battery and while he was preparing to disconnect the other, the brakes on the airplane failed to hold and it moved forward a short distance, striking and damaging an airplane owned by John H. Hudson, Jr. and Associates, Inc. As the airplane moved forward, the other "jumper cable" pulled loose from the battery of the automobile. The automobile did not move during the entire incident.

Subsequently, suit was brought against plaintiff by John H. Hudson, Jr. and Associates, Inc. to recover the damages sustained to its airplane. The defendant denied any obligation to defend that action on behalf of plaintiff or to pay any judgment obtained against him on the ground that the damage to the airplane did not arise out of the *use* of plaintiff's automobile within the meaning of the foregoing policy provisions. Thereupon, plaintiff instituted the present action seeking a declaratory judgment as to the liability of the defendant under the policy for the damages in question. The lower court resolved the issues against plaintiff and this appeal followed.

The parties are in agreement as to the applicable principles. They properly concede that a causal relation or connection must exist between an accident and the ownership, maintenance or use of the insured vehicle

in order for coverage to be provided under the present policy provision. 8 Blashfield—Cyclopedia of Automobile Law & Practice, Third Edition, Section 317.1; 7 Appleman Insurance Law and Practice, Section 4317; Annotation: 89 A. L. R. (2d) 150. The cited A. L. R. annotation states at page 153: "All the cases agree that a causal relation or connection must exist between an accident or injury and the ownership, maintenance, or use of a vehicle in order for the accident or injury to come within the meaning of the clause 'arising out of the ownership, maintenance or use' of a vehicle, and where such causal connection or relation is absent coverage will be denied."

The accident in question did not result from the use of plaintiff's automobile. The only connection between the automobile and the airplane was the use of the automobile battery to start the airplane engine. This purpose had been completed when the airplane moved forward, after the brakes failed to hold. We find nothing in the facts or circumstances to show a causal connection between the use of the automobile battery as a source of power to start the airplane engine and the subsequent forward movement of the airplane. As stated by the trial judge, "the power source was coincidental only." The facts show that the accident resulted from the use of the airplane and not the insured automobile.

Neither was the defendant obligated to defend the action brought against plaintiff to recover the damages caused by his airplane. The policy required defendant to defend suits against plaintiff, the insured, in which the pleadings allege facts within the policy coverage, even if such suit is groundless, false or fraudulent. This provision does not require the insurer to defend a suit where the complaint shows that the loss is not within the coverage afforded by the policy. 7A Appleman Insurance Law and Practice, Section 4683 *et seq.*

The complaint in the action brought against plaintiff was based solely upon allegations that such damages were due

to the failure to control or properly operate the airplane. Neither that complaint nor the agreed statement of the facts in this case reveal any negligent act in the use of the automobile. Therefore, under the allegations of the pleadings and the facts, the loss involved was not within the coverage of the policy. Under these circumstances, the defendant was under no obligation to defend.

Affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.