**GOVERNMENT EMPLOYEES INSUR-ANCE COMPANY, Plaintiff,**

**v.**

**Sidney P. MELTON, a minor under the age of twenty-one (21), et al., Defendants.**

**Civ. A. No. 71–1200.**

United States District Court,
D. South Carolina,
Charleston Division.

July 13, 1972.

Joseph R. Young, of Young, Clement & Rivers, Charleston, S. C., for plaintiff.

James H. Moss, of Moss, Carter & Branton, Beaufort, S. C., for defendants.

### ORDER

HEMPHILL, Disrtict Judge.

Plaintiff commenced this declaratory judgment action to have this court interpret insurance coverage. The facts reveal that plaintiff wrote an automobile insurance policy for Fred McCormick which was in effect on the date of an accident which occurred September 5, 1971. The policy has standard wording to pay bodily injuries or property damage

> arising out of the ownership, maintenance or use of the owned automobile

or any non-owned automobile, and the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient.

The policy defines persons insured under (a): ·

(1) the named insured and any resident of the same household,

(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission.

The alleged accident took place on September 5, 1971, and it is undisputed that Fred McCormick gave permission to his son, Joseph McCormick, to operate his insured pick-up truck. Joseph McCormick along with Charles Abner, Glen Polite, Lonnie Polite, Junior Jones, Wilbur Scantling, David Lee Jenkins and George Majors were using the truck returning from a dance at Frogmore, South Carolina, in Beaufort County. They had stopped at a filling station shortly before the incident. The complaint of Sidney P. Melton who asks One Hundred Thousand and No/100 ($100,000.00) Dollars damages in the Court of Common Pleas for Beaufort County alleges that one or more of the occupants in the rear of the pick-up truck threw a Coca-Cola or other soft drink bottle or bottles out of the rear and struck Sidney P. Melton and Robert Corbett. Government Employees Insurance Company has been tendered the defense of numerous defendants under the automobile policy and is handling these defenses under a reservation of rights. Apparently insured has requested that Government Employees Insurance Company be responsible for any judgments rendered. The complaint in the state court alleges that the bottles were thrown from the rear of the vehicle and not from the cab. As there are numerous defendants, four of whom pled guilty to assault and each would be an insured, the amount involved greatly exceeds Ten Thousand and No/100 ($10,000.00) Dollars, the single limits of the policy. Government Employees Insurance Company is a corporation organized and existing under the laws of the District of Columbia. All of the defendants are residents of Beaufort County and there is a diversity of citizenship between the plaintiff and all parties defendant. Plaintiff brings this action under Section 2201, 28 U.S.C.A., which states:

> In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The suit in the Court of Common Pleas for Beaufort County would only decide the question of liability [1] and

---

1. There is no plausible explanation why the question of coverage could not, was not, placed before the Court of Common Pleas for Beaufort County, S. C. Chapter 24 of Title 10* (Civil Remedies and ' S.C.Code, 1962, Anno. Procedures) provides for Declaratory Judgments in courts of record in South Carolina within the respective jurisdictions of those courts. Of course one must realize that the liability insurer projecting this litigation in the federal courts was not a party to the original damage suit against the insured. There is no reason given for failure to use the facilities of the state court for decision on the issues now before this court. As was propounded in Power v. McNair (1970) 255 S.C. 150, 177 S.E.2d 551, the declaratory judgment statutes should be liberally construed to accomplish its intended purpose of affording a speedy and inexpensive method of deciding legal disputes and of settling legal rights and relationships without awaiting a violation of the rights or a disturbance of the

could not under the pleadings themselves, which neglect to raise the issue of coverage, decide such issue. The Court has said in Manhattan Fire & Marine Ins. Co. v. Nassau Estates II, James Hammill, an infant, etc., et al., 217 F.Supp. 196, the district court of New Jersey in a 1963 decision said:

> The law is well established that an insurer, where there is a conflict with an insured over the coverage afforded in a policy, may proceed under the Federal Declaratory Judgments Act to resolve such conflict, where suit has been commenced by a claimant against the insured . . .

The Court further said:

> "In a case of actual controversy within its jurisdiction * * * any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, * * *" has been liberally construed. See also Alfred Hofmann, Inc. v. Knitting Machines Corp., 3 Cir., 1941, 123 F.2d 458; Dewey & Almy Chemical Co. v. American Anode, Inc., 3 Cir., 1943, 137 F.2d 68.

■ The issue here is whether the action in the Court of Common Pleas for Beaufort County is within the coverage of the policy or arises under the facts of this case out of the ownership, maintenance or use of the owned automobile. In Speziale v. Kohnke (La.App.1967) 194 So.2d 485, numerous teenage boys were riding in an automobile and injured people by throwing firecrackers from the car which struck the people. Construing the coverage of the automobile liability policy, the Louisiana court held that the injuries did not arise out of the use of the automobile so that the automobile insurer would not be responsible for any judgment. The court held: (1) that the throwing of the firecrackers from an automobile even given the broadest interpretation could not be construed as the natural, intended consequence of use within the coverage contemplated upon issuance of an insurance policy; and (2) that the incident was in no way connected with the use of an automobile since it could have taken place without the use of an automobile.

7 Appleman Insurance Law and Practice, Section 4316(3), page 142, in discussing what constitutes use states:

> An automobile policy cannot properly be construed to cover injuries that result from acts wholly disassociated from, independent of, or remote from the use of the vehicle.

In a later section, Section 4317, page 146, Appleman concludes that the three elements which must be present under the use clause are:

> 1. The accident must have arisen out of the inherent nature of the automobile as such.
>
> 2. The accident must have arisen within the natural territorial limits of the automobile, and the actual use, loading, or unloading, must not have terminated.
>
> 3. The automobile must not merely contribute to the cause of the condition, but must itself produce the injury.

In McDonald v. Great American Insurance Co., a 1963 Rhode Island case,[2] the comprehensive and auto insurers of a passenger in an automobile who threw a cherry bomb and injured a pedestrian were sued by the plaintiff. The court said:

> Under Massachusetts law, for an injury to "arise out of the ownership, operation, maintenance, control or use of a motor vehicle" the cause of injury to a plaintiff must be something physically attached to or immediately connected in some manner with the motor vehicle or its operation.

relationships. See also Park v. Safeco Ins. Co. of America (1968), 251 S.C. 410, 162 S.E.2d 709; Guimarin & Doan, Inc. v. Georgetown Textile & Mfg. Co. (1967), 249 S.C. 561, 155 S.E.2d 618.

2. 224 F.Supp. 369 (D.R.I.1963).

The court further stated:

> . . . the cause of injury to a plaintiff must be something physically attached to or immediately connected in some manner with the motor vehicle or its operation in order for the court to find the necessary causal relationship to the operation or use of the motor vehicle so as to have the injury covered by the terms of a standard motor vehicle liability policy. While the court . . . stated that each must be decided on its own facts, the basis of each decision was the presence or absence of a *proximate causal connection* between the injury and the operation or use of the motor vehicle in question. [Emphasis added]

In Richland Knox Mutual Ins. Co. v. Kallen (CCA 6 1967), 376 F.2d 360, a suit was instituted as a result of action which was begat when one Kallen, who was riding as a passenger in the rear of a vehicle, attempted to throw a lighted firecracker out of the car window; because the window was closed the firecracker struck the glass and exploded within the car and caused other firecrackers in the back seat to ignite and explode resulting in injuries to another passenger who sued Kallen. The court held:

> . . . a causal relation or connection must exist between an accident or injury and the use of a vehicle in order for the accident or injury to come within the meaning of the phrase "arising out of the use" of a vehicle. [For coverage under an automobile liability insurance policy to apply.]

The fact that Kallen was riding in the vehicle was not, in and of itself, a cause of the accident. The cause of the accident was the lighting of the firecracker by Kallen, followed by his unsuccessful attempt to throw the firecracker out of the car window. The lighting and the throwing of the firecracker were not a causal result of Kallen's use of the car. His use of

the vehicle had no necessary connection with the accident. Kallen's failure to throw the lighted firecracker away from the girl sitting next to him before it exploded was the cause of the injuries to the girl. The location of the parties in the car was purely incidental.

Thus, this Court holds it cannot be said that the accident arose out of Kallen's use of an automobile within the meaning of the special exclusion in the policy.

If the facts revealed any actionable negligence [3] on the part of the driver of the McCormick [insured] vehicle this court would take a different view. Horn Lumber Co. v. Travelers Indemnity Co. (W.D.Ark.1968), 283 F.Supp. 373. The vehicle in question was not used for the purpose for which it was designed, for there can be no realistic conclusion that it was designed for the purpose of allowing, permitting, or encouraging bottles, or other injurious matter to be thrown therefrom. Ins. Co. of North America v. Royal Indemnity Co. (CCA 6 1970), 429 F.2d 1014, 1017. In the case before this court the causal relation between the use of the vehicle and the incident in question simply does not exist. Plaxco v. United States Fidelity and Guaranty Co. (1969), 252 S.C. 437, 166 S.E.2d 799; Kraus v. Allstate Insurance Company (CCA 3 1967), 379 F.2d 443; Gen. Ins. Co. of America v. Western Casualty & Surety Co. (CCA 9 1964), 334 F.2d 913.

Plaintiff is entitled to a declaratory judgment at the hands of this court that the use of the vehicle of McCormick, from which the bottle or bottles were thrown, causing the alleged injuries to the human targets struck therewith, is not such as to render plaintiff responsible for any damages assessed against the insured therefor nor any responsibility to defend a suit or suits thereabout. The judgment entered by the Clerk will so state.

And it is so ordered.

---

3. Counsel for defendants candidly admitted to the court that it was the throwing of the bottle and not the manner of operation of the vehicle that caused the injury.