694 P.2d 1199

**ASSOCIATED INDEMNITY CORPORATION, a California corporation, Plaintiff-Appellee and Cross-Appellant,**

v.

**Jack C. WARNER and Fran Warner, his wife, Defendants-Appellants and Cross-Appellees.**

**No. 1 CA–CIV 6011.**

Court of Appeals of Arizona, Division 1, Department D.

July 28, 1983.

**586**

Jennings, Kepner & Haug by Craig R. Kepner and Jack R. Cunningham, Phoenix, for Associated Indem. Corp.

Warner & McCauley by Donald R. Alvarez and Steven B. Palmer, Phoenix, for Jack C. Warner and Fran Warner.

## OPINION

MEYERSON, Judge.

Appellants Jack and Fran Warner, who were being sued for damages to an airplane owned by a third party, sought coverage for the claim and defense of the suit from appellee Associated Indemnity Corporation (Associated), the company providing Warner's automobile insurance coverage. Associated denied the claim and filed a declaratory judgment action to determine its liability under the policy. Cross motions for summary judgment were filed and the trial court granted judgment in favor of Associated. The Warners appeal from the entry of summary judgment against

them. Associated has filed a cross-appeal objecting to the denial of its claim for attorney's fees. The facts are not in dispute.

## I. FACTS

On November 24, 1977, Jack Warner, accompanied by his fifteen-year-old son, drove to Phoenix Sky Harbor Airport in the insured automobile to look over his Piper Cherokee aircraft. Because the plane had been sitting idle at the airport for several months, Warner intended to use the car to charge the airplane's battery to save it from permanent damage through prolonged discharge from non-use. He also intended to move the plane slightly at its tiedown to put a different portion of the tires in contact with the ground and to lubricate the cylinders of the aircraft engine by manually turning the propeller. Warner had no intention to fly the airplane or even to start its engine.

Warner positioned his car close to the airplane so that he could attach battery cables between the car battery and the airplane battery. Without Warner's knowledge and while his attention was diverted, his son untied the tiedown chains which were used to secure the aircraft. Warner attached the battery cables between the car and the airplane and had his son start the car engine. While the battery was charging, Warner began to turn the propeller by hand to accomplish the lubrication of the cylinders. Warner had barely turned the propeller when the airplane engine unexpectedly started up. The airplane began moving on its own power, pulling the battery cables loose from the car. The airplane taxied a short distance and collided with another aircraft causing it substantial damage.

The Warners carried no insurance on the Piper Cherokee aircraft. When the Warners were sued for the damage, they turned to their automobile insurance carrier to defend the suit and provide coverage. Associated then brought this declaratory judgment action.

## II. COVERAGE UNDER THE POLICY

■ The provision of the automobile policy which the Warners cite as providing coverage is that the insurance carrier agrees:

> To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
>
> ....
>
> B. injury to or destruction of property ... arising out of the ownership, maintenance or use of the owned automobile....

The policy further provides that " 'use' of an automobile includes the loading and unloading thereof...." The Warners contend that the damage to the other aircraft arose out of Warner's use of his automobile to charge his airplane's battery. Clearly, the car was being "used" to charge the airplane battery. That does not automatically mean, however, that injury to the other aircraft arose out of the use of the insured vehicle.

The Warners point out that Arizona aligns itself with the many jurisdictions which hold that although some causal relationship between the accident and the motor vehicle must be found in order for the damage to be covered by the policy, the causal connection need not be that of direct and proximate cause. *Morari v. Atlantic Mutual Fire Insurance Co.,* 105 Ariz. 537, 538–39, 468 P.2d 564, 566–67 (1970); *Brenner v. Aetna Insurance Co.,* 8 Ariz.App. 272, 277, 445 P.2d 474, 479 (1968). Although this legal proposition is correct as far as it goes, the Warners have failed to note other critical language found in *Morari.* In discussing the circumstances under which an insurance carrier providing an automobile liability policy owes coverage, the Arizona Supreme Court stated:

> The insurance is to pay for the negligent acts of the insured committed during the operation or use of the motor vehicle.... It should be emphasized: *Liability arises out of negligent acts in the use of motor vehicles which proximately cause the accident and injuries.*

105 Ariz. at 538, 468 P.2d at 565 (emphasis added).

It is clear from *Morari* that even though the causal relationship between the motor vehicle and the accident does not have to be the proximate cause of the accident, the accident must be caused by a negligent act in the use of the motor vehicle. There is nothing within the facts of this case indicating any negligence in the use of the automobile. Whatever negligence may have occurred, whether in maintaining the aircraft in a condition that would allow its engine to unexpectedly start or in failing to have the aircraft tied down, was in the use of the airplane not the automobile.

We find the present case to be similar to *Plaxco v. United States Fidelity & Guaranty Co.*, 252 S.C. 437, 166 S.E.2d 799 (1969). In *Plaxco*, the plaintiff was using his automobile battery to charge the battery in his airplane so that he could fly it. The airplane engine started, the brakes unexpectedly failed to hold, and the plane moved forward striking another airplane. The plaintiff sought coverage under his automobile policy which covered accidents arising out of the use of the automobile. In finding that the accident did not result from the use of the automobile, the South Carolina court held:

> The accident in question did not result from the use of plaintiff's automobile. The only connection between the automobile and the airplane was the use of the automobile battery to start the airplane engine. This purpose had been completed when the airplane moved forward, after the brakes failed to hold. We find nothing in the facts or circumstances to show a causal connection between the use of the automobile battery as a source of power to start the airplane engine and the subsequent forward movement of the airplane. As stated by the trial judge, 'the power source was coincidental only.' The facts show that the accident resulted from the use of the airplane and not the insured automobile.

252 S.C. at 441, 166 S.E.2d at 801.

We find no merit in the Warners' attempts to distinguish the facts of *Plaxco*. It makes no difference that the plaintiff in *Plaxco* intended to start his engine and fly his airplane whereas Warner did not intend to start his engine. What is important is that in each instance the airplane moved under its own power and it was this use of the airplane which caused the damage to the other aircraft.

## III. ATTORNEY'S FEES

■ Having prevailed below, Associated filed an application for attorney's fees in the amount of $3,288 pursuant to A.R.S. § 12-341.01. Warner objected to the fee request contending that the matter of attorney's fees was wholly discretionary with the court and that reversal on appeal was likely. Following oral argument, the trial judge entered a one-sentence minute order denying the fee application without stating any reason. On appeal, Associated concedes that the trial court has discretion with respect to the granting of fees under the statute but argues that this discretion is not unbridled and that there must appear some basis from which to conclude that the trial judge has reasonably exercised his discretion and did not act arbitrarily. Associated points out that there does not appear to be a uniform practice among superior court judges with respect to the granting of attorney's fees and it asks this court to establish appropriate guidelines. This we now attempt to do.

We begin by looking at the wording of the statute itself.

> A. In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees....
>
> B. The award of reasonable attorney's fees awarded pursuant to subsection A should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney's fees actually paid or contracted, but such award may not exceed the amount paid or agreed to be paid.

A.R.S. § 12-341.01. Because the statute provides that an award of fees "should be made to mitigate the burden" of litigation, the clear intent of the statute is that under

ordinary circumstances the successful party in an action which falls under the statute is entitled to recover his reasonable attorney's fees.

■ The statute does not require that the successful party be compensated for all fees incurred because it provides that the award should be made to "mitigate" the costs of litigation. Further, the statute states that the award "need not equal or relate" to the fees actually paid or contracted; fees may not exceed, however, the amount "paid or agreed to be paid." Under appropriate circumstances, fees may be reduced or denied altogether by the trial court in the exercise of its discretion. Among the circumstances which might be considered by the trial judge in exercising his discretion to reduce or deny attorney's fees are the following:

1. The merits of the claim or defense presented by the unsuccessful party.

2. The litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result.

3. Assessing fees against the unsuccessful party would cause an extreme hardship.

4. The successful party did not prevail with respect to all of the relief sought.

*See generally* Note, Statutory Attorney's Fees in Arizona: An Analysis of A.R.S. Section 12–341.01, 24 Ariz.L.Rev. 659, 678–80 (1982).

■ The balancing and evaluation of these factors is within the trial court's discretion. We will not substitute our discretion for that exercised by the court below, *see Catalina Foothills Association, Inc. v. White*, 132 Ariz. 427, 428, 646 P.2d 312, 313 (Ct.App.1982), if there is a reasonable basis in the record to sustain the exercise of that discretion. *Cf. Lawrence v. Valley National Bank*, 12 Ariz.App. 51, 467 P.2d 763 (1970). Although the statute does not require that the trial judge enumerate his reasons for denying or reducing a fee award, the better practice would be for the trial judge to state on the record the factors and the reasons which were taken into account in denying or reducing the fee request.

■ In this case, we find nothing in the record which would justify the trial judge's complete denial of the fee request submitted by Associated. A declaratory action brought by an insurance company seeking to adjudicate its liability under a contract of insurance is an action arising out of contract within the meaning of A.R.S. § 12–341.01. *Nationwide Mutual Insurance Co. v. Granillo*, 117 Ariz. 389, 573 P.2d 80 (1977). Thus, in the absence of any of the factors mentioned above, or any other factor which would arguably support the denial, Associated was entitled to an award of attorney's fees in this case. Upon this record, we find that the trial judge abused his discretion and we therefore reverse that part of the judgment denying Associated's application for fees.

For the foregoing reasons, the judgment entered in favor of Associated with respect to its liability under the contract of insurance is affirmed. The judgment denying attorney's fees is reversed. This matter is remanded to the superior court for a consideration of Associated's application for attorney's fees. Upon remand, the trial judge may hold an evidentiary hearing for that purpose. Attorney's fees should be awarded to Associated in the amount of $3,288 unless the trial court, in the exercise of its discretion, and in accordance with this opinion, determines to reduce or deny the fee request.

HAIRE, P.J., and EUBANK, J., concur.