## 1927

The HOME INSURANCE COMPANY, A Corporation, Respondent v. Brian Eugene TOWE, Jerry Edward Alexander and William Wayne McClaskey, Defendants, of whom William Wayne McClaskey is the Appellant. Appeal of William Wayne McClaskey.

(425 S.E. (2d) 784)

Court of Appeals

*Steven M. Krause*, of *Epps, Krause & Nicholson*, Anderson, *for appellant.*

*Dana C. Mitchell, III* and *Jesse A. McCall, Jr.,* both of *Mitchell, Bouton, Yokel, Edwards & McCall,* Greenwood, *for respondent.*

*Robert L. Waldrep, Jr.,* Anderson, *for defendant Jerry Edward Alexander.*

*R. Daniel Day,* Seneca, *for defendant Brian Eugene Towe.*

Heard Nov. 5, 1992; Decided Dec. 21, 1992.

Reh. Den. Jan. 15, 1993.

*Per Curiam:*

William Wayne McClaskey was driving a backhoe on the highway when he was struck by a beer bottle thrown from a passing car driven by Brian Eugene Towe. The bottle was thrown by Towe's passenger, Jerry Edward Alexander. Towe knew that Alexander had thrown bottles at road signs from Towe's car on prior occasions. Alexander was throwing the bottle at a road sign, and was not deliberately throwing at McClaskey. The bottle shattered on the backhoe's steering wheel, causing minor personal property damage and serious bodily injury to McClaskey. Towe's insurance, The Home Insurance Company (the Insurer), brought a declaratory judgment action against Towe, Alexander and McClaskey, claiming no coverage existed for the incident. The trial judge held McClaskey's injuries did not arise out of the ownership, maintenance or use of Towe's vehicle, and found for the Insurer. McClaskey appeals. We reverse and remand.

Towe's policy with the Insurer provided, in part:

> We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. . . . **"Covered person"** as used in this Part means:
> 1. You or any **family member** for the ownership, maintenance or use of any auto or trailer.
> 2. Any person using your **covered auto.**

The Insurer brought an action against Towe, Alexander and McClaskey seeking a declaration that Alexander's acts did not arise out of the use of the covered automobile and that Mc-

Claskey's injuries did not arise out of the ownership, maintenance or use of the covered auto. The trial judge rendered judgment for the Insurer and McClaskey appeals.

We find the recent Supreme Court opinion in *Wausau Underwriters Insurance Co. v. Howser*, 422 S.E. (2d) 106 (S.C. Sup. Ct. 1992), controls the disposition of this case. In *Wausau*, the United States Fourth Circuit Court of Appeals certified the following question to the South Carolina Supreme Court:

> Is the insurer liable under the uninsured motorist provision involving injuries "arising out of the ownership, maintenance or use" of an uninsured vehicle (Section 38-7-140, S.C. Code Ann.) for gunshot injuries sustained by a person traveling on a public highway in an insured vehicle and inflicted during a vehicular chase by an unknown owner or operator of an unidentified vehicle?

The State Supreme Court noted that Nancy Howser was injured when an unknown assailant fired a gun into her car while she was trying to avoid the stranger's assault. The Supreme Court stated that, although the assault, not the use of the vehicle, was the cause of the injuries, the use of the vehicle causally contributed to the injuries. The Supreme Court added that the unknown vehicle was "an active accessory to this assault." The Court found a sufficient causal connection existed between the use of the assailant's vehicle and Howser's injuries. The Court concluded that the gunshot injury arose out of the use of the vehicle, adopting the analysis used by the Minnesota Supreme Court in *Continental Western Insurance Co. v. Klug*, 415 N.W. (2d) 876 (Minn. 1987).

The Supreme Court stated that it next had to determine if an act of independent significance broke the causal link. The Court found no such independent act occurred. The Court stated that the unknown driver's use of his vehicle and the shooting were inextricably linked as one continuing assault. Thus, the Court held that, for purposes of Howser's uninsured motorist coverage, her injuries arose out of the use of the assailant's vehicle.

In this case, Towe's vehicle was "an active accessory" to Alexander's actions which gave rise to McClaskey's injuries.

As in *Wausau*, only through the use of the vehicle was the actor, Alexander, placed in the position to throw the bottle at the sign as he did. Further, the vehicle's speed contributed to the velocity of the bottle so as to increase the seriousness of McClaskey's injuries. Towe's vehicle played an "essential and integral part" in Alexander's actions which injured McClaskey. We also find that there was no independent act which broke the causal link. Thus, we conclude that, for purposes of Towe's liability insurance coverage, McClaskey's injuries arose out of the use of Towe's vehicle. Accordingly, we reverse and remand for entry of judgment consistent with this opinion.[1]

Reversed and remanded.

GOOLSBY, J., dissents in separate opinion.

GOOLSBY, Judge (dissenting):

I respectfully dissent. The case relied on by the majority, *Wausau Underwriters Ins. Co. v. Howser*, 422 S.E. (2d) 106 (S.C. Sup. Ct. 1992), is not controlling here.

*Howser* involved an intentional act of the driver of an automobile. This case, on the other hand, involves a negligent act of a passenger in an automobile.

This case is factually similar to *Government Employees Ins. Co. v. Melton*, 357 F. Supp. 416 (D.S.C. 1972), *aff'd*, 473 F. (2d) 909 (4th Cir. 1973). In *Melton*, the United States District Court for the District of South Carolina held the throwing of bottles from the rear of a pickup truck did not arise out of the "ownership, maintenance or use" of the vehicle for purposes of insurance coverage for resulting injuries and damage.

I would affirm.

---

[1] We note that the trial judge issued his order in April 1991, which was over sixteen months prior to the Supreme Court's opinion in *Wausau*. Thus, the judge did not have the benefit of the *Wausau* decision when he rendered judgment in this case.