NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MATTHEW HAISLIP, et al., *Plaintiffs/Appellants*,

*v.*

NIZAR J. AL-SHAWABKEH, et al., *Defendants/Appellees*.

No. 1 CA-CV 25-0631

FILED 05-14-2026

Appeal from the Superior Court in Maricopa County
No. CV2023-052057
The Honorable Melissa Iyer Julian, Judge

**AFFIRMED**

COUNSEL

Lento Law Group, Inc., Phoenix
By John Bain
*Co-Counsel for Plaintiffs/Appellants*

WilkiePuchi, LLP, Scottsdale
By Blake Wilkie
*Co-Counsel for Plaintiffs/Appellants*

Parker Schwartz, PLLC, Phoenix
By Ira M. Schwartz, Byron H. Forrester
*Counsel for Defendants/Appellees*

_____

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Andrew J. Becke joined.

_____

**C A T T A N I**, Judge:

**¶1**            Matthew Haislip appeals from the superior court's order awarding damages, attorney's fees, and costs to Nizar Al-Shawabkeh.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**            Haislip and Al-Shawabkeh orally agreed to purchase two businesses together.  In August 2022, they purchased Sugar Daddy Smoke Shop, LLC ("Sugar Daddy").  In September 2022, they purchased Oh Baby Smoke Shop, LLC ("Oh Baby").

**¶3**            Haislip and Al-Shawabkeh agreed that they would jointly own the businesses and share profits equally.  Al-Shawabkeh would be responsible for operating the businesses, with Haislip responsible for capital contributions and working in the stores as needed.

**¶4**            The businesses operated informally.  Al-Shawabkeh and Haislip opened a joint bank account, but at times the joint account did not have enough funds to cover business expenses, so Al-Shawabkeh would cover the costs then later reimburse himself from the joint account.  The businesses did not have a formal payroll system and did not document hours worked by employees, but Al-Shawabkeh would pay employees from the joint account.  Al-Shawabkeh would also transfer funds from the joint account to himself when there were profits.  Al-Shawabkeh and Haislip, together with a store employee, had a group text in which they would send pictures of receipts, invoices, and inventory to document expenses.

**¶5**            In January 2023, Al-Shawabkeh and Haislip decided to end their business relationship and agreed to divide the businesses.  Their separation agreement resulted in Al-Shawabkeh wholly owning Oh Baby and Haislip wholly owning Sugar Daddy.  To equalize distributions they had received from the businesses, Haislip wrote two separate checks to Al-

Shawabkeh for $2,001 and $2,000, but Haislip asked Al-Shawabkeh to wait a month before cashing the check for $2,000.

¶6          The first check cleared, but the second bounced when Al-Shawabkeh tried to deposit it. Haislip stated that he cancelled the second check because a forensic accounting showed more than $70,000 in unauthorized payments to Al-Shawabkeh.

¶7          Haislip sued Al-Shawabkeh for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of a statutory obligation of good faith and fair dealing, breach of fiduciary duty, fraudulent inducement, fraudulent misrepresentation, fraudulent concealment, conversion, and unjust enrichment. Al-Shawabkeh counterclaimed for breach of contract, alleging Haislip breached the separation agreement by cancelling the $2,000 check.

¶8          In his complaint, Haislip alleged that a forensic accounting would show the improper transfer of funds to Al-Shawabkeh's personal account. But in January 2025, Al-Shawabkeh moved to exclude the referenced forensic accounting. Haislip did not object to that motion, and the court granted it.

¶9          At a March 2025 bench trial, Haislip and Al-Shawabkeh testified. Haislip asserted that Al-Shawabkeh did not provide enough receipts to demonstrate the $70,000 he took was for business expenses. Al-Shawabkeh testified in response that he left the receipts with Haislip after the businesses were divided.

¶10          After taking the matter under advisement, the superior court found that Haislip did not provide sufficient evidence to prove his claims, and that he breached the agreement with Al-Shawabkeh by cancelling the $2,000 check. The court entered judgment for Al-Shawabkeh on all claims, awarding $2,000 in damages, $53,217.50 in attorney's fees (in part as a sanction and in part under A.R.S. § 12-341.01), together with $369.61 in costs.

¶11          Haislip timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶12          Haislip asserts that the superior court erred by: (1) entering judgment for Al-Shawabkeh on all claims, and (2) awarding attorney's fees and costs to Al-Shawabkeh.

## I.      Judgment on All Claims.

**¶13**          Haislip argues the superior court erred by finding that he failed to establish any of his claims. We review the court's factual findings after a bench trial for clear error. Ariz. R. Civ. P. 52(a).

**¶14**          Haislip asserted various contract and fraud claims, as well as conversion and unjust enrichment. These claims are all premised on Haislip's allegation that Al-Shawabkeh stole money from their businesses.

**¶15**          The plaintiff has the burden of proving their case. *Yeazell v. Copins*, 98 Ariz. 109, 116 (1965). The trial evidence here supports the court's findings. Haislip conceded that the full amount of $70,000 pleaded in the complaint was not established at trial. And although Haislip referenced a forensic accounting, he did not oppose Al-Shawabkeh's pretrial motion to preclude it, and the accounting was never placed in evidence.

**¶16**          Al-Shawabkeh testified that the business funds transferred to his personal account could have been from paying himself wages, distributing profits, or reimbursing himself for purchasing business inventory. He testified that the parties did not maintain formal records of business profits or expenses but that the receipts for purchases were often documented in their mutual group chat. Al-Shawabkeh also testified that, after the business relationship ended, he left receipts for these purchases with Haislip. Haislip had access to all business accounts and the group chat messages during the parties' joint ownership.

**¶17**          Haislip's argument on appeal primarily attacks Al-Shawabkeh's credibility, asserting that his testimony explaining why the funds were transferred should not have been accepted. But we do not reweigh the evidence presented to the superior court and defer to that court's determinations of witness credibility. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019).

**¶18**          Haislip also argues the superior court erred by entering judgment for Al-Shawabkeh without making findings of fact and conclusions of law as to the basis of the judgment. But Haislip did not request findings of fact; thus, the superior court was not required to make specific findings. *See Myrick v. Maloney*, 235 Ariz. 491, 494–95, ¶ 10 (App. 2014). And when no findings and conclusions are requested, we assume the superior court "found every fact necessary to support its [ruling] and must affirm if any reasonable construction of the evidence justifies the decision." *Horton v. Mitchell*, 200 Ariz. 523, 526, ¶ 13 (App. 2001) (alteration

in original) (citation omitted). Here, given Al-Shawabkeh's testimony, the court's ruling is supported by the evidence.

## II.     Attorney's Fees.

**¶19**     Haislip challenges the superior court's award of attorney's fees in favor of Al-Shawabkeh, arguing the fees were excessive and that the court misapplied the factors set forth in *Associated Indemnity Corp. v. Warner*, 143 Ariz. 585 (App. 1983), for assessing an attorney's fees request.[1]

**¶20**     We review the superior court's decision to award attorney's fees for an abuse of discretion. *Radkowsky v. Provident Life & Accident Ins. Co.*, 196 Ariz. 110, 113, ¶ 18 (App. 1999). We view the record in the light most favorable to sustaining the decision and will not disturb that decision if it is supported by any reasonable basis. *Rowland v. Great States Ins. Co.*, 199 Ariz. 577, 587, ¶ 31 (App. 2001).

**¶21**     "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). "[I]n determining whether attorney's fees should be awarded under the statute," *Warner* identified the following factors to apply: (1) the merits of the unsuccessful party's claim; (2) whether the claim could have been avoided or settled and whether the successful party's efforts were completely superfluous in achieving the result; (3) whether assessing fees would cause an extreme hardship; (4) whether the successful party prevailed on all relief sought; (5) whether the matter presented a novel question; (6) whether such claim had previously been adjudicated in this jurisdiction; and (7) whether the award would discourage other parties with tenable claims from litigating. *Warner*, 143 Ariz. at 570.

**¶22**     Haislip only challenges the application of the first four *Warner* factors, contending the court should have reached a different outcome for each of them.

**¶23**     Haislip's argument is unpersuasive. First, the court considered whether Haislip's contract and fraud claims had merit and found he did not provide any supporting evidence. Haislip argues that the

_____

[1]     Although both parties reference the 1983 decision by this court in *Warner,* the attorney's fees portion of that decision was vacated by the Arizona Supreme Court in 1985. *See Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 571 (1985). Accordingly, we apply the 1985 Arizona Supreme Court decision here.

court failed to make specific findings of fact regarding witness credibility when it relied on Al-Shawabkeh's testimony that the allegedly stolen funds were used for business expenses. But because Haislip never requested findings of fact or conclusions of law, specific findings were not required, and we presume the court found every fact necessary to support its ruling. *See Horton*, 200 Ariz. at 526, ¶ 13.

**¶24** Second, the court considered whether the claim could have been avoided or settled and whether the successful party's efforts were completely superfluous in achieving the result. Although Haislip argues he should not be faulted for his counsel's conduct, he conceded this factor weighed in favor of Al-Shawabkeh in his objection to Al-Shawabkeh's application for attorney's fees in superior court.

**¶25** Third, in rejecting Haislip's assertion that a fee award would be an extreme hardship, the court noted that Haislip did not adequately support his claims because argument made in an unsworn filing, without supporting evidence, did not show hardship. On appeal, Haislip again argues that the fee award would cause extreme hardship, stating his income was below the federal poverty level in 2022 and 2023. But Haislip did not provide evidence to support his hardship argument when he objected to Al-Shawabkeh's application for fees. *See Woerth v. City of Flagstaff*, 167 Ariz. 412, 420 (App. 1990) ("[T]he party asserting financial hardship has the burden of coming forward with *prima facie* evidence of financial hardship.").

**¶26** Finally, the superior court found that Al-Shawabkeh had prevailed with respect to the relief sought. And as detailed above, this court has affirmed the judgment in favor of Al-Shawabkeh.

**¶27** Because there is a reasonable basis in the record for the superior court's findings on these factors, the court did not abuse its discretion by awarding attorney's fees.

## III. Attorney's Fees on Appeal.

**¶28** Both parties request attorney's fees on appeal. Haislip cites no authority for his request, so it is denied. *See* ARCAP 21(a)(2). Al-Shawabkeh requests attorney's fees under A.R.S. § 12-341.01. Because he is the successful party on appeal, and in an exercise of our discretion, we award him reasonable attorney's fees upon compliance with ARCAP 21. *See* A.R.S. § 12-341.01. Al-Shawabkeh is also entitled to taxable costs on appeal upon compliance with ARCAP 21.

## CONCLUSION

¶29      We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:       JR