**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENEE M. ZINNI and MARCO S. D'ALONZO, a married couple,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>M&I MARSHALL & ILSLEY BANK, a Wisconsin Banking Corporation also known as M&I Bank; et al.,<br><br>Defendants - Appellees. | No. 11-17123<br><br>D.C. No. 2:09-cv-02035-FJM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted February 6, 2014[**]

Before: LEAVY, GRABER, and W. FLETCHER, Circuit Judges.

Plaintiffs Renee M. Zinni and Marco S. D'Alonzo appeal pro se the district

court's order granting summary judgment for Defendant M&I Bank, the order

awarding attorney fees to Defendant, and the order denying Plaintiffs' motion for a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

protective order and their motion for relief from a final judgment. We have jurisdiction under 28 U.S.C. § 1291. The substantive law of Arizona, the forum state, applies in this diversity action. Stanford Ranch, Inc. v. Md. Cas. Co., 89 F.3d 618, 624 (9th Cir. 1996). We affirm.

1. The district court did not err in granting summary judgment to Defendant. We review de novo the district court's grant of summary judgment. Red Lion Hotels Franchising, Inc. v. MAK, LLC, 663 F.3d 1080, 1086 (9th Cir. 2011). We affirm if, viewing the evidence in the light most favorable to the non-moving party, the district court correctly applied the relevant substantive law and no genuine issue of material fact remains. Id. at 1086–87.

Plaintiffs' amended complaint alleged 10 counts against Defendant.[1] Defendant moved for summary judgment and properly raised arguments in support of its position on all counts. Fed. R. Civ. P. 56(c). In their response to Defendant's motion for summary judgment, Plaintiffs did not respond to Defendant's arguments on Counts 8 (breach of the duty of good faith and fair dealing), 11 (fraud), or 12 (negligent infliction of emotional distress). Plaintiffs provided only conclusory statements that they had properly stated a claim on

---

[1] Plaintiffs' complaint alleged two additional claims (Counts 6 and 7) against their contractor only. The district court entered a default judgment against the contractor on both counts, and he is not a party to this appeal.

2

Counts 4 (FDCPA), 9 (negligent misrepresentation), and 10 (negligence), and did not offer the district court any evidence or arguments to support their position on these counts. Therefore, summary judgment was proper on Counts 4 and 8–12, Fed. R. Civ. P. 56(e)(3), and, to the extent that Plaintiffs argue them on appeal, we treat them as waived, Abogados v. AT&T, Inc., 223 F.3d 932, 937 (9th Cir. 2000).

On Counts 1 (TILA), 2 (RESPA), and 3 (HOEPA), we decline to review arguments that either were not before the district court at summary judgment, id., or are not distinctly argued on appeal, Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994). The one issue properly preserved and argued with respect to those claims is whether construction draw payments that Defendant made directly to the contractor violated 12 C.F.R. § 226.34(a)(1)(i). The district court correctly held that § 226.34(a)(1)(i) does not apply to Plaintiffs' loan because, among other things, the finance charges on Plaintiffs' loan did not exceed 8% of the total balance.

On Count 5 (breach of contract), we do not review any of Plaintiffs' new theories that were not before the district court at summary judgment. Abogados, 223 F.3d at 937. The one issue that was properly before the district court and is now argued on appeal is whether Defendant breached the contract by failing to allow Plaintiffs to extend their time for completion of construction. In the motion

3

for summary judgment, Defendant pointed to evidence that it had honored Plaintiffs' decision to exercise the option for a three-month extension. In their response, Plaintiffs offered no arguments or evidence to support their claim. Therefore, the district court properly treated as unopposed Defendant's assertion that it had complied with the contract's extension clause. Fed. R. Civ. P. 56(e)(3).

2. The district court did not abuse its discretion in awarding attorney fees to Defendant. Welch v. Metro. Life Ins. Co., 480 F.3d 942, 946–47 (9th Cir. 2007). Plaintiffs make no arguments concerning district court error in the attorney fees determination and so have waived this issue. Greenwood, 28 F.3d at 977. Even were we to reach the merits, we would hold that the district court did not abuse its discretion, because it properly applied the balancing test required under Arizona law, Associated Indem. Corp. v. Warner, 694 P.2d 1181, 1184 (Ariz. 1985), and in fact significantly reduced the award that Defendant sought in order to account for the reasonableness of litigation expenses and the hardship to Plaintiffs.

3. The district court did not abuse its discretion in denying Plaintiffs' motion for a protective order (which was actually a request for injunctive relief, not for protection against discovery under Federal Rule of Civil Procedure 26(c)). See Flexible Lifeline Sys., Inc. v. Precision Lift, Inc., 654 F.3d 989, 993–94 (9th Cir. 2011) (per curiam) (reviewing for abuse of discretion a district court's denial of

4

injunctive relief); Childress v. Darby Lumber, Inc., 357 F.3d 1000, 1009 (9th Cir. 2004) (reviewing for abuse of discretion a district court's order on a motion for a protective order). On appeal, Plaintiffs offer no distinct argument about how the district court erred in denying the protective order, and so the issue is waived. Greenwood, 28 F.3d at 977. Were we to reach the issue, our holding would be the same. Because Plaintiffs lost on the merits of their claims at summary judgment, they could not establish the likelihood of success on the merits necessary for injunctive relief. Flexible Lifeline Sys., 654 F.3d at 993–94.

4. The district court did not abuse its discretion in denying Plaintiffs' motion to set aside a judgment. Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir. 2004). Plaintiffs identify no grounds for relief under Federal Rule of Civil Procedure 60(b). Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).

5. We decline to review the additional theories that Plaintiffs raise for the first time on appeal, Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir. 1992), or that were raised too late in post-judgment motions before the district court, see Briones v. Riviera Hotel & Casino, 116 F.3d 379, 380 (9th Cir. 1997) (per curiam) (noting that an appeal from an order denying a post-judgment motion does not bring up for review the underlying merits of the claims raised in that motion).

**AFFIRMED.**