694 P.2d 1181

## ASSOCIATED INDEMNITY CORPORATION, a California corporation, Plaintiff-Appellee and Cross-Appellant,

v.

## Jack C. WARNER and Fran Warner, his wife, Defendants-Appellants and Cross-Appellees.

### No. 17128–PR.

Supreme Court of Arizona, En Banc.

Jan. 29, 1985.

**568**

Jennings, Kepner & Haug by Craig R. Kepner, Jack R. Cunningham, Phoenix, for plaintiff-appellee and cross-appellant.

Warner & McCauley by Donald R. Alvarez, Steven B. Palmer, Phoenix, for defendants-appellants and cross-appellees.

HOLOHAN, Chief Justice.

██  We granted review in this case to clarify the proper construction of the statute governing the discretionary award of attorney's fees to successful litigants in contract actions, A.R.S. § 12–341.01.[1]  Spe-

---

1. Subsections A and B of A.R.S. § 12–341.01 grant the trial court discretionary authority to award attorney's fees to successful litigants in contested contract actions.  Subsection C provides a mandatory grant of fees where the trial court finds that a claim or defense in any con-

tested action constitutes abusive litigation.  *See generally* Note, *Statutory Attorney's Fees in Arizona: An Analysis of A.R.S. Section 12–341.01,* 24 Ariz.L.Rev. 659 (1982).  We are concerned with only subsections A and B in this appeal.

cifically, we are called upon to resolve whether A.R.S. § 12–341.01 establishes a presumption that attorney's fees be awarded in contract actions. We hold that it does not.

The issue arose in an action for declaratory relief instituted by Associated Indemnity Corporation (Associated) against Jack C. Warner and his wife to determine the scope of coverage under Warners' automobile insurance policy. The uncontested facts are as follows: On November 27, 1977, accompanied by his son, Jack Warner drove his car to Sky Harbor Airport to perform some routine maintenance on a small aircraft which Warner and his wife owned. The maintenance included charging the airplane's battery using his car, and slightly rolling the plane to prevent tire damage, as the aircraft had not been flown in several months. While Warner was charging the battery, his son untied the aircraft's tiedown chains to facilitate the rolling of the tires. While the battery was still charging, Warner attempted to lubricate the cylinders of the aircraft's engine by hand turning the propeller. As Warner turned the propeller, the engine unexpectedly started and, without tiedown supports, the plane began to taxi down the runway. The Warners' airplane collided with another small plane causing substantial damage. Although Associated insured the Warners' car, the aircraft was not insured. When the owner of the damaged craft brought an action to recover repair costs, the Warners sought to have Associated defend the suit and provide coverage. The Warners argued that the accident "arose out of" the use of their insured automobile and was accordingly covered under the terms of their automotive policy. Associated denied the Warners' insurance claim and instituted a declaratory judgment action in Maricopa County Superior Court to determine its liability under the Warners' automobile policy. The trial court granted judgment in favor of Associated. It denied without comment, however, Associated's request for attorney's fees under A.R.S. § 12–341.01. On appeal to the Court of Appeals, Division One, the Warners contested non-liability under the insurance policy; Associated cross-appealed the trial court's denial of attorney's fees. The Court of Appeals affirmed non-liability under the policy but found the trial court's denial of attorney's fees an abuse of discretion. *Associated Indemnity Corp. v. Jack C. Warner,* 143 Ariz. 585, 694 P.2d 1199 (App.1983). The Warners filed a petition for review contesting denial of coverage under the automobile insurance policy and the award of attorney's fees. We granted review limited to the issue of the award of attorney's fees.

In reviewing A.R.S. § 12–341.01, the Court of Appeals found that "the clear intent of the statute is that under ordinary circumstances the successful party in an action which falls under the statute is entitled to recover his reasonable attorney's fees." *Associated Indemnity, supra,* at 588–589, 694 P.2d at 1202–03. We expressly reject this expansive reading of the statute as inconsistent with the statutory language and the precedent of this court.

Subsection A of A.R.S. § 12–341.01 provides authorization for awards of attorney's fees in contested contract actions:

> In any contested action arising out of a contract, express or implied, the court *may award* the successful party reasonable attorney's fees. This section shall in no manner be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney's fees. (emphasis supplied)

Subsection B applies once the decision to award attorney's fees has been made, and it sets forth the purpose of and recovery limits for the fee award:

> The award of reasonable attorney's fees awarded pursuant to subsection A should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney's fees actually paid or contracted, but such award may not exceed the amount paid or agreed to be paid.

We note at the outset the relative clarity of the statutory terms, and are guided by the maxim of statutory construction that where the "language is plain and unambiguous leading to only one meaning, the court will follow that meaning." *Sloatman v. Gibbons*, 104 Ariz. 429, 430–31, 454 P.2d 574, 575–76 (1969). The legislature used the phrase "may award" in authorizing the trial judge to award a successful contract litigant reasonable attorney's fees. The natural import of this phrase is to vest discretion in the trial court to determine the circumstances appropriate for the award of fees. If the trial court decides to award attorney's fees, subsection B of the statute provides the purpose for and measure to be used in fixing the amount of the award. The trial judge, under subsection B, has broad discretion in fixing the amount of the fee provided that "such award may not exceed the amount paid or agreed to be paid." In granting review of this issue, we recognize that the purpose of permissive awards of attorney's fees in contract actions has been elusive and has resulted in inconsistent application of the statute by the trial courts of this state. In the instant action, the Court of Appeals listed several factors which we agree are useful to assist the trial judge in determining whether attorney's fees should be granted under the statute:

1. The merits of the claim or defense presented by the unsuccessful party.

2. The litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result.

3. Assessing fees against the unsuccessful party would cause an extreme hardship.

4. The successful party did not prevail with respect to all of the relief sought.

*Associated Indemnity, supra*, at 589, 694 P.2d at 1203. In addition to these factors, we would include: the novelty of the legal question presented, and whether such claim or defense had previously been adjudicated in this jurisdiction. We also believe that the trial court should consider whether the award in any particular case would discour-age other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees. *See Wistuber v. Paradise Valley Unified School*, 141 Ariz. 346, 687 P.2d 354 (1984).

Although this court has not specifically ruled on the scope of the attorney's fees provision, we have previously recognized the broad discretion of the trial court under the statute. In *Autenreith v. Norville*, 127 Ariz. 442, 622 P.2d 1 (1981), this court held that the statutory "[l]anguage is permissible, and there is no requirement that the trial court grant attorney's fees to the prevailing party in all contested contract actions." *Id.* at 444, 622 P.2d at 3 (citing *Title Ins. Co. of Minn. v. Acumen Trading Co.*, 121 Ariz. 525, 591 P.2d 1302 (1979)). *See also G.P. Berry v. Arizona State Land Department*, 133 Ariz. 325, 328, 651 P.2d 853, 856 (1982) (In Division). Prior to the decision in *Associated Indemnity*, the courts of appeals uniformly construed A.R.S. § 12–341.01 as a permissive grant of authority, providing substantial discretion to the trial judge. *See Charbonneau v. Blue Cross of Washington and Alaska*, 130 Ariz. 160, 164, 634 P.2d 972, 976 (App. 1981); *Nationwide Mutual Ins. Co. v. Granillo*, 117 Ariz. 389, 395, 573 P.2d 80, 86 (App.1977); *but see Scafidi v. Puckett*, 118 Ariz. 589, 590–91, 578 P.2d 1018, 1019–20 (App.1978) (Hathaway, J., dissenting in part). After the decision in *Associated Indemnity*, one panel of Division I of the Court of Appeals continued to follow the previous precedent that the award of attorney's fees under the statute was discretionary. *Grand Real Estate, Inc. v. Sirignano*, 139 Ariz. 8, 676 P.2d 642 (App.1983). Some years ago in *Jones v. Queen Ins. Co.*, 76 Ariz. 212, 262 P.2d 250 (1953), a case involving construction of a statute granting discretionary awards of attorney's fees for violations of discovery rules, this court stated: "Whether an allowance is to be made is discretionary with the trial court, and if there be any reasonable basis for the exercise of such discretion, his judgment

will not be disturbed." *Id.* at 214, 262 P.2d at 251. In reviewing the exercise of that discretion it is well for an appellate court to remember:

> [T]he question is not whether the judges of this court would have made an original like ruling, but whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason. We cannot substitute our discretion for that of the trial judge.

*Davis v. Davis*, 78 Ariz. 174, 179, 277 P.2d 261, 265 (1954) (Windes, J., specially concurring). We find this general principle especially applicable to review of a trial judge's discretion under the statutory scheme of A.R.S. § 12–341.01. As the United States Supreme Court recently stated in *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40, 53 (1983), "[w]e reemphasize that the [trial court] has discretion in determining ... the fee award. This is appropriate in view of the [trial court's] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id.*

In order for an appellate court to determine the grounds for the trial court's denial of statutory attorney's fees, the Court of Appeals in the instant case *encouraged* the trial court to state the reasons for its denial of attorney's fees on the record. Although the statute does not require it, we agree that it is the better practice to have a record which reflects the justification for the trial court's denial of fees.

In this case there exists a reasonable basis in the record upon which the trial judge could have denied attorney's fees. The action in the superior court was instituted by an insurer against an insured party to determine the insurer's liability under an insurance policy. The insurer sought a construction of the insurance policy which would relieve it of the expense of defending and paying the claim against Warner. The trial judge ruled for the insurer and presumably concluded that, con-sidering the nature of the action and the relative economic positions of the parties, no attorney's fees should be awarded to the insurer.

We therefore find that the trial court did not abuse its discretion. Accordingly, the decision of the Court of Appeals is modified by vacating that portion of the decision concerning attorney's fees.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.