**PHOENIX CENTRAL, an Arizona partnership, et al., Plaintiffs,**

v.

**DEAN WITTER REYNOLDS, INC., a Delaware corporation, Defendant.**

**No. CIV 90–1592–PHX–RGS.**

United States District Court, D. Arizona.

July 12, 1991.

George Peter Spiess, Scult, Lazarus & French, P.A., Phoenix, Ariz., for plaintiffs.

David Lawrence Abney, Mark A. Nadeau, Morrison & Hecker, Phoenix, Ariz., for defendant.

## ORDER

STRAND, District Judge.

On February 26, 1991, defendant filed a Motion for Sanctions pursuant to Federal Rules of Civil Procedure Rule 37, and 28 U.S.C. § 1927 for plaintiffs' failure to engage in good faith discovery during depositions. This motion was followed by a Motion for Order Confirming Arbitration Award and Motion for Entry of Judgment in Favor of Dean Witter filed March 12, 1991. All the motions were then scheduled for oral argument which was heard April 8, 1991. The court having reviewed and considered the parties arguments presented in the memoranda, and having heard oral argument,

IT IS ORDERED granting defendant's Motion for Sanctions pursuant to Federal Rules of Civil Procedure Rule 37 and 28 U.S.C. § 1927 against Recorp Partners, Inc., David P. Maniatis in his capacity as President of said corporation, Peter D. Maniatis, John D. Maniatis and counsel for all of said entities, G. Peter Spiess.

The court finds and concludes that the conduct engaged in by these individuals and corporate entities was unreasonable and vexatious and accordingly,

IT IS FURTHER ORDERED granting an award of one thousand dollars as a sanction and in part payment of attorneys' fees related to this discovery dispute in favor of defendant and against the above mentioned corporation and each named individual, jointly and severally.

FURTHER ORDERED granting Dean Witter's Motion for Order Confirming Arbitration pursuant to 9 U.S.C. § 9 of the Federal Arbitration Act affirming the arbitration award entered by the New York Stock Exchange arbitrators in favor of Dean Witter and against various individuals involved in the Maniatis groups for the amounts of $74,493.46 as to John D. Maniatis, $19,055.50 as to Phoenix Central Partners, $146,591.58 against Recorp Partners, and $12,649.88 as to Recorp of America, Inc. together with reasonable attorneys' fees and NYSE costs of $1,000.00. There was no award for Dean Witter as to Peter D. Maniatis.

FURTHER, having reviewed and considered the memoranda submitted by the parties and the arguments presented, the Court now finds and concludes that an award of attorneys' fees is appropriate in this action as set forth in the arbitration award and pursuant to A.R.S. § 12–341.01.

## ELIGIBILITY FOR ATTORNEYS' FEES

Defendant is eligible for an award of attorneys' fees in this contract action in view of the arbitration award and because it prevailed on all issues. The next inquiry is whether or not the defendant is "entitled" to such an award. *Associated Indemnity Corp. v. Warner*, 143 Ariz. 567, 694 P.2d 1181 (1985).

## ENTITLEMENT TO ATTORNEYS' FEES

In *Warner*, the Arizona Supreme Court set forth six standards to aid in the determination of whether attorneys' fees should be awarded under the statute once eligibility has been established. They are as follows:

"(1) whether the unsuccessful party's claim or defense was meritorious;

(2) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result;

(3) whether assessing fees against the unsuccessful party would cause an extreme hardship;

(4) whether the successful party prevailed with respect to all of the relief sought;

(5) whether the legal question presented was novel and whether such claim or defense had previously been adjudicated in this jurisdiction; and

(6) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorneys' fees."

*Id.* 143 Ariz. at 570, 694 P.2d at 1184.

The contractual relationship between the parties and the award of the arbitrators lead the Court to conclude that defendant is entitled to an award of attorneys' fees with respect to this litigation.

## DETERMINATION OF THE FEE

It remains for the District Court to determine what fee is "reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, at 1939, 76 L.Ed.2d 40 (1983). Factors to be considered in determining a reasonable fee award are set forth in *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App.1983). The procedure for the District Court to follow in setting an award of attorneys' fees is set forth as follows in *Hensley:*

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S.Rep No. 94–1011, p. 6 (1978). Cases may be over staffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. 'In the private sector, "billing judgment" is an important component in setting a fee. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.' *Copeland v. Marshall*, 205 U.S.App.D.C. 390, 401; 641 F.2d 880, 891 (1980) (en banc).

The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'

*Id.,* 103 S.Ct. at 1939. Defendant Dean Witter's Application for an Award of Attorneys' Fees and the Affidavit of David L. Abney in support thereof and the statements of hours submitted set forth in detail the number of hours expended in this litigation by each person and the normal billing rates for all persons who have performed services.

With respect to hourly rates for various professionals, the Court will consider the rates at which the same hours would have been compensated if otherwise invested. *In re Equity Funding Corp. of America Securities Litigation*, 438 F.Supp. 1303 (C.D.Cal.1977).

The Court in this case is guided by the holding in *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830 (9th Cir.1982) to a blended use of the *Lindy* lodestar analysis and a consideration of the factors set forth by the Arizona Court of Appeals in *Schweiger, supra.*

## CONSIDERATION OF THE SCHWEIGER FACTORS

*1. The Qualities of the Advocate*

Counsel for defendant are experienced attorneys who demonstrated a high degree of professionalism during the presentation of this action.

### 2. *Character of the Work to be Done*

The legal issues presented in this action, while not complicated, are somewhat unusual in view of the interrelationship between the arbitration proceedings, the bankruptcy proceedings and this case.

### 3. *Work Actually Performed by the Lawyers*

The time records submitted by counsel are clear and sufficiently detailed in setting forth the nature of the services performed. Having reviewed each of the time records submitted, the Court finds there has been some unnecessary duplication of effort and that more attorneys and legal assistants were involved in conferences and joint action than may have been required for the preparation and resolution of this litigation. In addition, the Court finds the time included in the fee application relating to the discovery dispute that resulted in an award of sanctions has been accounted for and will not be again considered in this application for fees.

### 4. *Result*

The defendant prevailed on essentially all issues.

The Court has considered the application of defendant's counsel, the supporting affidavit and the memoranda and argument of counsel.

In view of the foregoing, the Court now finds and concludes that the sum of $30,-413.00 is a reasonable amount to be allowed toward payment of defendant's attorneys' fees in connection with this litigation, together with the additional sum of $2,766.29 as a reasonable amount allowed as defendant's litigation related expenses in connection with this action. The award for expenses does not include amounts requested for cassette tapes, delivery charges, Federal Express, filing fees and hearing session deposits, parking charges, photocopies, telecopier charges, telephone charges, transcripts of arbitration hearing estimate, or word processing charges.

FURTHER ORDERED granting an award in favor of defendant and against plaintiffs for attorneys' fees and litigation related expenses in connection with this litigation in the total sum of $33,179.29.

FURTHER ORDERED that the Clerk of the Court enter Judgment in accordance with this order, and that this action be terminated as to all issues and all parties except such issues as may remain by virtue of the bankruptcy proceedings related to Peter D. Maniatis.