LOTTO INDUSTRIES, INC., a Nevada corporation, Plaintiff—Appellant,

v.

THE DISABLED AMERICAN VETERANS PHOENIX, CHAPTER NO. 1, an Arizona non-profit corporation, et al., Defendant—Appellee.

No. 03–15790.

D.C. No. CV–99–24–CKJ.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2004.*

Decided Oct. 13, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David John Burns, David J. Burns PC, Salt Lake City, UT, for Plaintiff–Appellant.

Paul Sullivan Gerding, Jr., Herman A. Israel, Lieberman, Dodge, Gerding, Kothe & Anderson Ltd., Phoenix, AZ, for Defendant–Appellee.

Before RYMER, TALLMAN, and BEA, Circuit Judges.

## MEMORANDUM **

Lotto Industries Inc. ("Lotto") brought a diversity action against Disabled American Veterans Phoenix Chapter 1 ("DAV")

alleging breach of contract. Following a bench trial, the district court ordered the parties to bear their own attorneys' fees and costs. Lotto appeals this determination. We affirm.

We review the district court's refusal to award attorneys' fees and costs for abuse of discretion. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.,* 342 F.3d 1016, 1020 (9th Cir.2003). "An award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law." *Id.* at 1024. The controlling Arizona law does not require the trial court to award fees in all contract disputes. *See* Ariz.Rev.Stat. § 12–341–01.A (2004). The district court properly considered the factors set forth in *Associated Indem. Corp. v. Warner,* 143 Ariz. 567, 694 P.2d 1181 (Ariz.1985) (en banc), in determining whether a fee award was appropriate. The district court did not deny Lotto the opportunity to pursue attorney's fees through a Rule 54(d)(2) motion; the issue was squarely presented to the court in the proposed findings and conclusions submitted by both parties, and Lotto's request was considered and rejected.

Lotto sought to recover $89,000 in damages but recovered less than $28,000. This discrepancy between the recovery sought and the actual award was the result of the district court's finding that the bulk of Lotto's claims were based on fraudulent checks. Given this determination, we cannot say that the district court abused its discretion in refusing to award attorneys' fees and costs to Lotto. *See Ass'n of Mexican Am. Educators v. California,* 231 F.3d 572, 592 (9th Cir.2000). The district court gave reasons for its refusal to tax costs, including the fact that success was

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

shared. *Huey v. Honeywell, Inc.*, 82 F.3d 327, 334 (9th Cir.1996).

The DAV's request for attorneys' fees on appeal pursuant to ARIZ.REV.STAT. § 12–341–01.A is denied. The DAV's request for attorneys' fees incurred on appeal pursuant to 28 U.S.C. § 1912 is denied. The DAV's request for compensation pursuant to FED. R. APP. P. 38 is denied without prejudice to renewal upon proper motion.

AFFIRMED.