**Frederick J. CAMARENA; et al., Plaintiffs—Appellees,**

v.

**SAMP/USA INC., a Maryland corporation, Defendant—Appellant,**

**and**

**Massino Colella, President of SAMP/USA Inc., Defendant.**

**Frederick J. Camarena; et al., Plaintiffs—Appellants,**

v.

**SAMP/USA Inc., a Maryland corporation; et al., Defendants—Appellees.**

Nos. 03–16748, 03–16830.

D.C. Nos. CV–98–01439–SMM, CV–98–01439–SMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 2005.

Decided April 4, 2005.

Cameron C. Artigue, Gammage and Burnham, Melanie E. Beauchamp, Phoenix, AZ, for Plaintiffs–Appellees.

* The Honorable James L. Robart, United States District Judge for the District of Western Washington, sitting by designation.

John R. Dacey, Bennett Evan Cooper, Steptoe and Johnson, LLP, Phoenix, AZ, David Harold Dickieson, Silverstein & Mullens PLLC, Washington, DC, for Defendants–Appellants.

Before THOMAS, FISHER, Circuit Judges, and ROBART,* District Judge.

### MEMORANDUM**

S.A.M.P./U.S.A., Inc. ("SAMP") appeals a jury verdict finding SAMP in breach of contract and awarding damages to Frederick Camarena and F. Camarena, Inc. ("Camarena"). Camarena cross-appeals the district court's failure to award prejudgment interest and dismissal of the fraud claims. We affirm in part and remand in part.

■ 1. SAMP waived the argument that the district court erred by applying Arizona, rather than Maryland, law by failing to assert its choice-of-law argument until after the jury had rendered its verdict. *Cf. C.N.R. Atkin v. Smith*, 137 F.3d 1169, 1171 (9th Cir.1998).

■ 2. Applying our highly deferential standard of review, *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir.2002), we conclude that sufficient evidence existed to support the jury's verdict. Although conflicting evidence was presented, "[i]t is the function of the jury, not of this court, to weigh conflicting evidence and judge the credibility of witnesses." *Transgo, Inc. v. Ajac*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Transmission Parts Corp.*, 768 F.2d 1001, 1024 (9th Cir.1985).

Similarly, given Camarena's testimony that he was entitled to $77,000 under the contract, the jury's calculation of damages is supported by substantial evidence. *Frank Briscoe Co., v. Clark County,* 857 F.2d 606, 615 (9th Cir.1988) (applying substantial evidence standard to a jury's calculation of damages and noting that "[w]hen a jury is properly instructed and presented with substantial evidence, its verdict must stand") (citations omitted).

[redacted] 3. The district court did not abuse its discretion in making the attorney fee award. SAMP's alternative interpretation of how the relevant factors should have been applied is not so compelling that the district court could not be said to have reached its conclusion without "exceeding the bounds of reason." *Associated Indem. Corp. v. Warner,* 143 Ariz. 567, 694 P.2d 1181, 1185 (1985) (citation omitted).

4. Because the evidence presented, if believed, does not establish a *prima facie* case of fraud, *Taeger v. Catholic Family & Comm. Services,* 196 Ariz. 285, 995 P.2d 721, 730 (1999), the district court properly dismissed the fraud claim asserted by Camarena.

[redacted] 5. Under Arizona law, an award of prejudgment interest on a liquidated claim "is a matter of right and not a matter of discretion." *In re Miles,* 172 Ariz. 442, 837 P.2d 1177, 1180 (1992). *See also* A.R.S. § 44–1201 (providing for the automatic accrual of interest at a rate of 10% unless parties contracted otherwise in writing). Because the district court did not address the issue of prejudgment interest, we remand to the district court for a determination on Camarena's claim and the amount, if any, to be awarded. Each party shall bear their own cost on appeal.

**JUDGMENT AFFIRMED; REMANDED FOR DETERMINATION OF PREJUDGMENT INTEREST**