**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 08 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



AZ HOLDING, LLC, a North Dakota
limited liability company,

    Plaintiff-counter-defendant -
Appellant,

 v.

THOMAS C. FREDERICK, husband; et
al.,

    Defendants-counter-claimants
- Appellees.

No. 11-15271

D.C. No. 2:08-cv-00276-LOA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Lawrence O. Anderson, Magistrate Judge, Presiding

Argued and Submitted May 14, 2012
San Francisco, California

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

 AZ Holding, LLC ("AZ Holding") appeals the district court's order

confirming the Final Arbitration Award in AZ Holding's diversity action against

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Thomas Frederick, Christine Cobb, RBW Consultants, Inc. and Bumaro, LLC (collectively, "Frederick"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal.

As a preliminary matter, we clarify that the settlement agreement between AZ Holding and Frederick does not impact our jurisdiction because the agreement was fairly circumscribed and limited to the calculation of payments owed under the district court's judgment and the offset of payments owed under a consulting agreement.

We review de novo a district court's confirmation of an arbitral award. *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009). "With respect to the underlying arbitration decision, however, our review is both limited and highly deferential." *Coutee v. Barington Capital Grp., L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003) (internal quotation marks and citation omitted). We may vacate an arbitration award only if the conduct of the arbitrator violated the Federal Arbitration Act ("FAA") or if the award itself is "completely irrational" or "constitutes manifest disregard of the law." *Id.* (internal quotation marks and citation omitted). We have no authority to reweigh the evidence. *See id.* at 1133.

Contrary to AZ Holding's assertion, there is no indication that the Arbitrator construed § 9.12(d) of the Asset Purchase Agreement ("APA") as a permissive, rather than mandatory, provision. The Arbitrator acknowledged that § 9.12(d) governed, but ultimately concluded that neither AZ Holding nor Frederick was a "prevailing party" under the section and, as such, were not entitled to attorney's fees. "Prevailing party" is not a defined term in the APA and that determination was within the Arbitrator's authority. The Arbitrator's conclusion that AZ Holding prevailed with respect to some claims, but not others, did not foreclose the possibility that AZ Holding was not a "prevailing party" within the meaning of § 9.12(d). *See Lagstein v. Certain Underwriters of Lloyd's, London*, 607 F.3d 634, 643 (9th Cir. 2010) (noting that a reviewing court need only determine whether the arbitrator's interpretation was plausible).

AZ Holding's claim that it is entitled to attorney's fees under § 9.11 of the APA is equally unpersuasive. To the extent this argument relies on the meaning of "prevailing party" in the APA, it fails for the reasons stated above. In addition, the decision not to award fees under § 9.11 falls within the scope of the Final Arbitration Award's statement that "[a]ll claims for relief, costs, expenses or damages not specifically addressed in this Award are denied." The Arbitrator's

decision drew its essence from the parties' agreement and was not completely irrational. *See Bosack*, 586 F.3d at 1106.

Finally, the district court was not required to award attorney's fees under Arizona Revised Statute § 12-341.01. The language of the APA permitted the Arbitrator to make all determinations relating to court costs, arbitration expenses and reasonable attorney's fees, including those incurred in the two years of litigation that preceded the arbitration. No separate determination by the district court was required. An award of attorney's fees under § 12-341.01 is discretionary. It was within the district court's discretion to determine that the case amounted to "a draw" and that AZ Holding was not entitled to attorney's fees. *See Assoc. Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1984) (holding that the phrase "may award" in § 12-341.01 "vest[s] discretion in the trial court to determine the circumstances appropriate for the award of fees").

**AFFIRMED.**