**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARTIN OGDEN,

　　　　Plaintiff - Appellant,

　v.

CDI CORPORATION,

　　　　Defendant - Appellee.

No. 13-15777

D.C. No. 2:08-cv-02180-DGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted March 10, 2015[**]

Before:　　FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Martin Ogden appeals pro se from the district court's order awarding

attorney's fees in his employment action alleging violations of federal and state

law.　We have jurisdiction under 28 U.S.C. § 1291.　We review for an abuse of

discretion the district court's grant of attorney's fees, and review de novo the legal

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

analysis underlying its fee decision. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1011 (9th Cir. 2004). We affirm.

The district court did not abuse its discretion by awarding attorney's fees to defendant because the court considered the relevant factors, and its conclusions were supported by evidence. *See* Ariz. Rev. Stat. § 12-341.01 (permitting an award of reasonable attorney's fees to the successful party in a contested action arising out of an express or implied contract); *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184-85 (Ariz. 1985) (explaining that a fee award under Ariz. Rev. Stat. § 12-341.01 is discretionary and listing the factors for determining whether to award fees).

The district court also did not abuse its discretion by denying Ogden's motion for reconsideration because Ogden failed to establish a basis for such relief. *See* D. Ariz. Loc. R. 7.2(g)(1) (grounds for reconsideration); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (setting forth the standard of review for compliance with local rules, and noting that "[b]road deference is given to a district court's interpretation of its local rules"); *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (identifying the standard of review for a denial of a motion for reconsideration and grounds

13-15777

warranting reconsideration under Fed. R. Civ. P. 59(e)).

We reject Ogden's contentions concerning alleged judicial bias and misconduct.

Defendant's request for attorney's fees in connection with this appeal, set forth in its answering brief, is denied without prejudice to filing a timely motion for fees and a timely bill of costs.

**AFFIRMED.**