NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PREMALAL RANASINGHE,<br><br>            Plaintiff-Appellant,<br><br>  v.<br><br>GREAT WEST CASUALTY COMPANY; et al.,<br><br>            Defendants-Appellees. | Nos. 15-15247<br>       15-15780<br><br>D.C. No. 2:14-cv-00564-ROS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted April 11, 2017**

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

In these consolidated appeals, Premalal Ranasinghe appeals pro se from the

district court's summary judgment in his diversity action alleging breach of

contract. We have jurisdiction under 28 U.S.C. § 1291. We review de novo,

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1060 (9th Cir.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2011), and we affirm.

The district court properly granted summary judgment because Ranasinghe failed to raise a genuine dispute of material fact as to whether Ranasinghe and defendant Great West entered into a binding contract. *See Schade v. Diethrich*, 760 P.2d 1050, 1058 (Ariz. 1988) (reasonable certainty of contractual terms is an important factor in determining whether the parties intended to make a binding offer and acceptance); *Heywood v. Ziol*, 372 P.2d 200, 203 (Ariz. 1962) ("It is elementary that before there can be a binding contract there must be mutual consent of the parties to the terms thereof.").

The district court did not abuse its discretion by denying Ranasinghe's motion for relief from judgment because Ranasinghe failed to demonstrate any basis for relief. *See* Fed. R. Civ. P. 60(b); *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257, 1260-61 (9th Cir. 2004) (setting forth standard of review and grounds for relief from judgment based on fraud).

The district court did not abuse its discretion by awarding attorney's fees to defendant Great West after considering the relevant factors because its conclusions were supported by the evidence. *See* Ariz. Rev. Stat. § 12-341.01 (permitting an award of reasonable attorney's fees to the successful party in a contested action arising out of a contract); *Associated Indem. Corp. v. Warner*, 694 P.2d 1181,

1184-85 (Ariz. 1985) (setting forth standard of review and listing the factors for determining whether to award fees).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-15247