

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ADMIRAL INSURANCE COMPANY, a
foreign corporation,

Plaintiff-Appellant,

v.

COMMUNITY INSURANCE GROUP
SPC LIMITED, a foreign corporation,

Defendant-Appellee.

Nos.   16-17321
          17-15481

D.C. No. 3:14-cv-08152-DGC

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted February 16, 2018
San Francisco, California

Before:  SCHROEDER, TORRUELLA,** and RAWLINSON, Circuit Judges.

This is a dispute between two insurers that issued policies covering claims

against an Arizona physician, Dr. Anthony Schwartz.  Plaintiff-Appellant Admiral

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**       The Honorable Juan R. Torruella, United States Circuit Judge for the
First Circuit, sitting by designation.

Insurance Company ("Admiral") appeals from the district court's order awarding summary judgment to Defendant-Appellee Community Insurance Group SPC Limited ("CIG"). Admiral also appeals from the district court's subsequent award of attorneys' fees and costs to CIG. Our appellate jurisdiction over these consolidated appeals rests on 28 U.S.C. § 1291, and we **AFFIRM**.

Admiral's policy covered only Dr. Schwartz, and CIG's policy covered all employees of the clinic where he worked. Each policy contained an "other insurance" provision addressing the circumstances in which other policies would render it excess as opposed to primary. Admiral filed this action seeking contribution from CIG claiming that under Arizona law, the two "other insurance" provisions were mutually repugnant and thus both policies became co-primary. *See Fremont Indem. Co. v. New England Reinsurance Co.*, 815 P.2d 403, 405 (Ariz. 1991) (in banc) ("Arizona follows the general rule of prorating the risk between contradictory 'other insurance' provisions.") (citation omitted).

**1.** The district court correctly recognized that the two provisions are not the same. While both provide their respective policies are deemed to be excess if there is other insurance, the Admiral policy contains a further proviso that its excess coverage provision does not apply if the other insurance is written to provide excess coverage. The policies do not conflict. Because the CIG policy is excess,

the further proviso in Admiral's policy means Admiral's is not. The district court correctly held that Admiral's policy is primary. We affirm its award of summary judgment to CIG.

**2.** Admiral appeals the district court's award to CIG of attorneys' fees under A.R.S. § 12-341.01(A), non-taxable costs under A.R.S. § 12-341, and taxable costs. The district court carefully weighed the relevant factors under Arizona law. *See Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985) (in banc). The record reflects the district court reviewed the objections presented to it and made appropriate adjustments. There was no abuse of discretion.

**AFFIRMED.**