NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ERIN LEMBKE, et al., *Plaintiffs/Appellants*,

v.

CITY OF PHOENIX, *Defendant/Appellee*.

No. 1 CA-CV 19-0241
FILED 3-31-2020

Appeal from the Superior Court in Maricopa County
No. CV2016-054584
The Honorable Theodore Campagnolo, Judge

**AFFIRMED**

COUNSEL

Zachar Law Firm, PC, Phoenix
By David J. Catanese
*Counsel for Plaintiff/Appellant Erin Lembke*

Bruce Squire Law, LLC, Tempe
By Bruce M. Squire
*Counsel for Plaintiff/Appellant Billy Black*

Lewis Brisbois Bisgaard & Smith, LLP, Phoenix
By Sean P. Healy, Adam S. Polson
*Counsel for Defendant/Appellee*

_____

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

_____

**M O R S E**, Judge:

¶1            In this wrongful death action, Plaintiffs Erin Lembke and Billy Black ask us to vacate the jury's verdict in favor of Defendant City of Phoenix and remand this matter for a new trial. Because the superior court did not abuse its discretion in admitting evidence or in denying Plaintiffs' motion for a new trial, we affirm the jury's verdict.

### FACTS AND PROCEDURAL BACKGROUND

¶2            Before dawn on May 31, 2016, Jordan Black wandered the center line of a two-lane road. Several cars passed Jordan in the darkness, some swerving to avoid him. Around this time, a Phoenix police officer was dispatched to investigate reports of a suspicious person at a local business and was driving down the "pitch black" road. The officer heard another call over his police radio and briefly glanced at his on-board computer. At that instant, the officer struck Jordan with his car. The officer was driving nine miles per hour over the posted speed limit. Jordan was taken to the hospital, but died two hours later.

¶3            Jordan had no identification on him, but police discovered a note in his pocket which read, "[t]his is not your fault," listed the names of Jordan's friends and family, and concluded with "I love you!" A police report described Jordan as wearing "a black t-shirt (with lighter colored logo), black knee length shorts and black athletic shorts."

¶4            Plaintiffs are Jordan's parents. They sued the City of Phoenix for wrongful death, alleging the officer negligently caused Jordan's death.

¶5            During the eight-day jury trial, the parties vigorously disputed whether Jordan was readily visible to a reasonable driver. The officer who struck Jordan testified that Jordan was wearing black pants, while Plaintiffs' counsel pointed to the police report and photographs to assert that Jordan was wearing black "shorts" that left his legs uncovered and visible to a prudent driver. Plaintiffs' counsel questioned Jordan's mother on the topic:

Q.      Do you have these pants?

A.      No, I do not.

Q.      Are they even pants?

A.      No, they're shorts.

Q.      And if there's a question as to whether they're shorts or pants, they can just bring them in and show us, right?

A.      Right.

¶6      Defendant's counsel then informed Plaintiffs' counsel that Defendant now planned to show the pants to the jury. Plaintiffs' attorneys objected and argued the pants could not be presented as evidence because they were not properly disclosed, citing Arizona Rule of Civil Procedure 37(c)(5) ("Rule 37(c)(5)"). Defendant countered that the pants had been sufficiently disclosed, pointing to the police report and attached photographs. Defendants explained the pants had not been listed on the pre-trial disclosure statement because they had not planned to introduce the actual garment until Plaintiffs opened the door:

> So he opened the door. Now we've got the jury wondering, thinking we're hiding or keeping something. It's very prejudicial to us. He's made the big issue out of these clothes and then he opened the door with that statement.

¶7      The superior court found the pants had been sufficiently disclosed, Plaintiffs could not claim surprise, and the pants could be shown to the jury.

¶8      The jury eventually returned a verdict in favor of Defendant and final judgment was entered. Plaintiffs filed a motion for new trial, which was denied, and timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1) and (5)(a).

## DISCUSSION

¶9      On appeal, Plaintiffs argue the superior court erred when it allowed the jury to view the pants and denied Plaintiffs' motion for new trial. We address each argument in turn.

## I.  The Superior Court Did Not Abuse Its Discretion When It Allowed The Pants To Be Shown To The Jury.

**¶10**      Plaintiffs argue the pants should have been excluded under Rule 37(c)(5) because they had not been properly disclosed prior to trial. Defendant responds that the existence of the pants had been disclosed prior to trial, even though the decision to show the pants to the jury had not been made until Plaintiffs highlighted the issue.

**¶11**      Rule 37(c)(5) provides that a "party seeking to use information, a witness, or a document that it first disclosed during trial must obtain leave of court by motion." Thus, the pertinent question is whether Defendant "first disclosed [the pants] during trial." "The object of disclosure, as with all discovery, is to permit the opponent a reasonable opportunity to prepare for trial or settlement-nothing more, nothing less." *Bryan v. Riddel*, 178 Ariz. 472, 476 n.5 (1994). The "trial court has broad discretion in determining whether evidence has been properly disclosed and whether it should be admitted at trial," and the trial court's "decisions will not be disturbed on appeal absent an abuse of discretion." *Solimeno v. Yonan*, 224 Ariz. 74, 77, ¶ 9 (App. 2010). "The question is not whether the judges of this court would have made an original like ruling, but whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason." *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 571 (1985) (citation omitted).

**¶12**      Plaintiffs concede that the existence of clothing was disclosed through the police report, an evidence log, and accompanying photographs. Plaintiffs argue, however, that nothing gave Plaintiffs reasonable notice the clothing was actually a pair of pants. *See Preston v. Amadei*, 238 Ariz. 124, 133, ¶ 29 (App. 2015) (noting that false or misleading disclosures are improper), *disapproved in part on other grounds by Rasor v. Northwest Hospital, LLC*, 243 Ariz. 160, 165, ¶ 26 (2017). And Plaintiffs assert Defendant had an obligation to inform Plaintiffs that the mention of "shorts" in the police reports was inaccurate.

**¶13**      In response, Defendant argues that the photographs of the pants sufficiently disclosed the evidence and, in any case, Plaintiffs' counsel's statement "opened the door" to showing the pants to the jury. *Supra* ¶ 5.

**¶14**      In ruling on Plaintiffs' objection at trial, the superior court noted that Defendant only decided to use the pants at trial after Plaintiffs' counsel challenged Defendant to show the pants to the jury. The court

further said that it didn't "find there's any surprise that the clothes existed[,]" based on the photos and police report, and allowed the pants to be shown to the jury. At Plaintiffs' invitation we have reviewed the photo of the clothing and cannot say it is "patently obvious" that the photo is misleading. Reasonable minds may differ about whether the image fairly reflects the length of the clothing, but we find nothing misleading about the photo. The superior court did not abuse its discretion when it found that a photograph of the pants gave Plaintiffs fair notice of the evidence.

¶15        Plaintiffs point to no authority for the proposition that evidence is subject to exclusion under Rule 37(c)(5) when the evidence was disclosed prior to trial, but not specifically identified as evidence to be introduced during trial. Moreover, Plaintiffs never explain why the superior court's ruling that the pants had been disclosed was an abuse of discretion. The superior court's determination that the police report, evidence log, and accompanying photographs adequately disclosed the evidence did not "exceed[] the bounds of reason." *See Associated Indem. Corp.*, 143 Ariz. at 571.

¶16        It is true that the police report described the pants as knee-length shorts, but Plaintiffs were given pictures of the pants during discovery and could have inspected the pants prior to trial. Given the superior court's broad discretion in ruling on disclosure and discovery matters, we find no error in the trial court's decision to allow the jury to view the pants. *See Marquez v. Ortega*, 231 Ariz. 437, 441, ¶ 14 (App. 2013). Because we find that the superior court did not abuse its discretion when it found the pants were adequately disclosed, Rule 37(c)(5) does not apply and we need not address the superior court's rationale that Plaintiffs "opened the door" to the admission of the evidence through Plaintiffs' counsel's statement challenging Defendant to produce the pants.

## II.  The Superior Court Did Not Err When It Denied Plaintiffs' Motion for New Trial.

¶17        Plaintiffs argue the superior court erred in denying their motion for new trial because the jury's verdict "did not conform to the evidence." In support of this argument, Plaintiffs note the officer was driving over the speed limit, and the officer admitted if he had been driving slower he would have been "farther back" at the time of the accident. Plaintiffs also argue that the officer was negligent because he was distracted when he updated his computer screen at the moment of impact.

¶18 We review the denial of a motion for new trial for an abuse of discretion. *Mullin v. Brown*, 210 Ariz. 545, 547, ¶ 2 (App. 2005). "In reviewing a jury verdict, we review the evidence in the light most favorable to sustaining the verdict, and if any substantial evidence could lead reasonable persons to find the ultimate facts sufficient to support the verdict, we will affirm the judgment." *Gonzales v. City of Phoenix*, 203 Ariz. 152, 153, ¶ 2 (2002).

¶19 The officer's speed is not dispositive. "[D]riving over the posted speed limit merely creates a rebuttable presumption that the speed was greater than reasonable and prudent." *Gibson v. Boyle*, 139 Ariz. 512, 519 (App. 1983). The officer testified that he believed his speed was reasonable and prudent given the conditions of the road that evening, and the jury was free to accept or reject that testimony. Defendant's expert testified that the accident was unavoidable, even if the officer was not speeding. Substantial evidence was submitted to the jury to support the verdict.

¶20 The remainder of Plaintiffs' argument essentially asks this court to reweigh the evidence, but that is not our role. *Brown v. U.S. Fid. and Guar. Co.*, 194 Ariz. 85, 92, ¶ 36 (App. 1998). The question here is only whether any substantial evidence supports the jury's verdict. *Gonzales*, 203 Ariz. at 153, ¶ 2 (2002). Given the circumstances surrounding Jordan's death, the jury could reasonably find that the officer was not responsible for the accident. The superior court did not abuse its discretion in denying Plaintiffs' motion for new trial.

## CONCLUSION

¶21 For all the reasons stated above, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA