NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

MAJID NAYERI, et al., *Plaintiffs/Appellees*,[1]

*v.*

MOHAVE COUNTY, et al., *Defendants/Appellants*.

No. 1 CA-TX 21-0001
1 CA-TX 21-0002
(Consolidated)
FILED 2-3-2022

Appeal from the Arizona Tax Court
No.  TX2016-000893
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

COUNSEL

Brentwood Law Group, PLLC, Tempe
By Stephen Brower
*Counsel for Plaintiff/Appellee Majid Nayeri*

Al Arpad, Esq., Phoenix
By Alexander R. Arpad
*Counsel for Plaintiff/Appellee Bita Abidian*

---

[1] On the court's own motion, it is ordered amending the caption in this appeal as reflected in this decision.  The above referenced caption shall be used on all further documents filed in this appeal.

Mohave County Attorney's Office, Kingman
By Jeffrey B. Haws, Matthew J. Smith
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Peter B. Swann and Judge D. Steven Williams joined.

---

**B A I L E Y**, Judge:

**¶1**　　　Mohave County and Mohave County Treasurer Cindy Landa Cox (collectively, "the County") appeal the tax court's award of attorneys' fees to Majid Nayeri and Bita Abidian (collectively, "Taxpayers").[2] For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　This case began when Mohave Valley River Enterprises ("MVRE") and Taxpayers sued the County to enjoin the sale of delinquent tax liens, arguing the sale was untimely. The same attorney represented both plaintiffs. After the tax court granted summary judgment for the County, MVRE and Taxpayers appealed.

**¶3**　　　While the appeal was pending, MVRE settled its claims with the County and agreed to pay its own attorneys' fees and costs. Taxpayers pursued the appeal. We vacated and remanded. *See Nayeri v. Mohave Cnty.*, 247 Ariz. 490, 492, ¶ 1 (App. 2019).

**¶4**　　　On remand, the parties agreed the tax court need only decide whether to grant Taxpayers a tax abatement and whether to award Taxpayers attorneys' fees. The court denied the request for abatement and awarded Taxpayers $110,390.00 in attorneys' fees under Arizona Revised Statutes ("A.R.S.") section 12-348(B)(3). The County timely appealed.

---

[2]　　Although Taxpayers filed a notice of cross-appeal, Taxpayers abandoned the cross-appeal and did not file a cross-appeal brief. The parties agreed the only issue in this appeal is attorneys' fees.

**¶5**        We have jurisdiction over the County's appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

## DISCUSSION

**¶6**        The County argues the tax court abused its discretion in awarding attorneys' fees to Taxpayers for work done on behalf of MVRE and for work on the unsuccessful tax abatement claim.

**¶7**        A court may award attorneys' fees under A.R.S. § 12-348(B)(3) to the prevailing party in an action against a county challenging "[t]he regularity of sales of property for delinquent taxes."   Once a party requesting fees has met the minimum requirements, the opposing party has the burden to show the requested fees are unreasonable.  *See State ex rel. Corbin v. Tocco*, 173 Ariz. 587, 594-96 (App. 1992) (affirming an award of attorneys' fees where the opposing party conducted no discovery and presented no evidence challenging the relevance of any entry).

**¶8**        We review an award of attorneys' fees for an abuse of discretion.  *Democratic Party of Pima Cnty. v. Ford*, 228 Ariz. 545, 547, ¶ 6 (App. 2012).  We will not disturb the judgment if there is any reasonable basis for it.  *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570-71 (1985) (citation omitted).  "[T]he question is not whether the judges of this court would have made an original like ruling, but whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason."  *Id.* at 571 (quoting *Davis v. Davis,* 78 Ariz. 174, 179 (1954) (Windes, J., specially concurring)).

**¶9**        Taxpayers filed a detailed request for attorneys' fees and costs that totaled $117,445.00 and a declaration from counsel stating the fees corresponded to work for "Plaintiffs Majid Nayeri and Bita Abidian."  After the County specifically objected to four entries including a report on bankruptcy repercussions, drafts of a mediation memo, and a report to Nayeri, Taxpayers removed the four entries—as well as one other—and reduced its fee request to $114,640.00.

**¶10**        At oral argument, the County argued that Taxpayers' fee request did not distinguish between work done for MVRE and Taxpayers, and that the amount requested was excessive.  Taxpayers' counsel argued that he had removed all entries relating solely to work performed for MVRE, and that the remaining work was necessary, regardless of MVRE's involvement.  Taxpayers' counsel also argued that Taxpayers and MVRE signed a fee agreement to be jointly and severally liable for attorneys' fees

and costs, and that the collateral source rule precluded the County from arguing that some fees were paid by other sources. The tax court took the matter under advisement. After it held a post-argument status conference with the parties, the court awarded Taxpayers $110,390.00 in attorneys' fees, noting that the amount excluded "vague" entries and entries associated with Taxpayers' unsuccessful effort to obtain an abatement.

¶11 On appeal, the County raises the same arguments: that the tax court awarded attorneys' fees for work done solely on behalf of MVRE and for work on the unsuccessful abatement request. The County does not support this contention with specific problematic entries or evidence that Taxpayers' counsel was paid by two sources for the same work. Although Taxpayers' final fee application included a $150 entry for analyzing the MVRE settlement agreement, work that clearly did not benefit Taxpayers, the tax court reduced the fee request by more than $4,000. The County did not meet its burden to show the awarded fees were unreasonable. *See Tocco*, 173 Ariz. at 594-96.

¶12 The County also argues the tax court abused its discretion in awarding approximately $85,000 in attorneys' fees for work performed between January 2017 and December 2018, a period when counsel represented both Taxpayers and MVRE, contending the fee request was unreasonable per se. We disagree. By awarding attorneys' fees for work performed during that period, the tax court implicitly accepted Taxpayers' argument that the work was necessary regardless of MVRE's involvement in the case. We see no abuse of discretion in this conclusion.

¶13 Taxpayers request attorneys' fees on appeal under A.R.S. § 12-348(A)(1) and (B)(3). Subsection (A)(1), which authorizes fees in a civil action brought by the county, is inapplicable because Taxpayers filed this action. In our discretion, we award Taxpayers attorneys' fees and taxable costs under A.R.S. § 12-348(B)(3), in an amount to be determined upon compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

¶14 For the reasons stated above, we affirm.

