NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SHAWNTEIA GASTON, *Plaintiff/Appellant*,

*v.*

JUSTIN CARTER, *Defendant/Appellee*.

No. 1 CA-CV 25-0865

FILED 06-26-2026

Appeal from the Superior Court in Maricopa County
No. CV2024-002974
The Honorable John R. Hannah, Jr., Judge, *Retired*

**AFFIRMED**

COUNSEL

The Law Office of Jesse D. Cook, PLC, Tempe
By Jesse Cook, Ethan Aman
*Counsel for Defendant/Appellee*

Shawnteia Gaston, Phoenix
*Plaintiff/Appellant*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge James B. Morse Jr. joined.

---

**F U R U Y A**, Judge:

**¶1**        Shawnteia Gaston ("Landlord") appeals the superior court's judgment in favor of Justin Carter ("Tenant") in their landlord-tenant dispute. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        Landlord owned real property in Phoenix, Arizona and listed the fully furnished property for rent online. Tenant entered into a lease agreement with Landlord in December 2023 for a two-month term. Under the lease agreement, Tenant was to pay Landlord two monthly installments of $2,300 and a refundable $300 security deposit.

**¶3**        Upon arriving at the property, Tenant notified Landlord that the property had not been properly cleaned or furnished. Tenant then provided a ten-day notice of intent to vacate on January 22, 2024, listing non-compliances and issues with the property. Tenant sent another notice on January 29, 2024, which was for five days. Following these notices, Landlord did not remedy the issues outlined in Tenant's two notices. Tenant then sent a follow-up notice to terminate the lease as of February 14, 2024. Landlord filed a suit alleging breach of contract, slander, and negligence, among other things.  On the day Tenant returned the property keys, Landlord served Tenant with the lawsuit.

**¶4**        Arbitration was held in November 2024 and the arbitrator issued a ruling in favor of Tenant in December 2024. Landlord appealed the arbitration award to the superior court. The superior court held a trial on the matter and entered judgment in favor of Tenant, adopting the arbitrator's findings. Landlord timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") Section 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I. Landlord's Opening Brief Fails to Comply with Arizona Rules of Civil Appellate Procedure ("ARCAP") 13 and Thus, Her Arguments are Waived.

¶5  Tenant asks that we dismiss Landlord's appeal because her opening brief is deficient under ARCAP 13. Pursuant to ARCAP 13, an appellant's opening brief must contain certain required elements, including a statement of the background facts, the issues presented for appeal, and an "argument" containing the appellant's contentions. ARCAP 13(a)(5)–(7). An appellant's argument must also include citations to legal authorities in support of their contentions, references to the record, and a statement of the appropriate standard of review. ARCAP 13(a)(7)(A)–(B).

¶6  "An appellant who fails to make a bona fide and reasonably intelligent effort to comply with the rules will waive issues and arguments not supported by adequate explanation, citations to the record, or authority." *Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022) (citation modified). Self-represented litigants are held to the same standards as attorneys and are not afforded any special leniency. *Id.*

¶7  Although Landlord includes a "table of citations" purporting to list legal authorities, the cases listed in this table are not referenced within the brief. Moreover, her arguments lack citations to the record. Landlord's brief, thus, fails to comply with ARCAP 13.

¶8  Accordingly, Landlord has waived all issues not properly presented. *See Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491 ¶ 6 n.2 (App. 2007) (we may find arguments waived when a party fails to cite relevant authority and develop their argument). But even if they were not waived, Landlord's arguments would still fail on their merits, as we next explain.

### II. We Will Not Re-Weigh the Evidence on Appeal.

¶9  Landlord argues the court's determination that Tenant provided notice to terminate the lease conflicted with Tenant's testimony. This argument equates to a request to reweigh the evidence, which we will not do. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284 ¶ 20 (App. 2019). We defer to the court's determinations of credibility and the weight given to conflicting evidence. *Id.* Further, a "finding of fact is not clearly erroneous if substantial evidence supports it, even if substantial conflicting evidence exists." *Kocher v. Dep't of Revenue of State of Ariz.*, 206 Ariz. 480, 482 ¶ 9 (App. 2003).

**¶10** Here, after weighing the evidence, the court found sufficient evidence to support its findings that Tenant provided notice to terminate the lease. The court adopted the arbitrator's factual findings, which stated "on or around February 9, 2024, [Tenant] properly sent their Termination Notice . . . notifying that [Tenant] was terminating the Lease Agreement effective February 14, 2024." "When a ruling is based on conflicting testimony, we will not disturb the court's ruling by reweighing the evidence." *CSA 13-101 Loop, LLC v. Loop 101, LLC*, 233 Ariz. 355, 363 ¶ 25 (App. 2013). Thus, we will not disturb the court's finding. *Kocher*, 206 Ariz. at 482 ¶ 9.

### III. The Court Did Not Abuse its Discretion by Awarding Attorneys' Fees to Tenant.

**¶11** Landlord challenges the court's award of attorneys' fees to Tenant. We review an award of attorneys' fees and costs for an abuse of discretion and will affirm the award if supported by any reasonable basis. *Peterson v. City of Surprise*, 244 Ariz. 247, 253 ¶ 25 (App. 2018). "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A).

#### A. The court did not abuse its discretion by awarding fees.

**¶12** To determine whether to award fees under A.R.S. Section 12-341.01(A), courts consider the following factors: (1) the merits of the unsuccessful party's claims or defenses; (2) "whether the parties could have avoided or settled the litigation and whether 'the successful party's efforts were completely superfluous in achieving the result;'" (3) whether the fee award will cause extreme hardship for the paying party; (4) "whether the successful party prevailed on all relief sought;" (5) the novelty of the issue; (6) whether the claims or defenses are issues of first impression in Arizona; and (7) "whether an award of fees would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney fees." *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265–66 ¶ 19 (App. 2004) (quoting *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (1985)).

**¶13** The superior court considered these factors and determined a fee award was appropriate. The court found that Landlord's "contract claim was colorable, but her tort claims . . . were not" and that it was "unlikely [Tenant] could have avoided or settled the dispute, because [Landlord] appears to have been unwilling to consider the possibility that she was not completely in the right." Further, the court found that Landlord "offers no

proof to support her claim that a fee award would cause her a substantial financial hardship." On this record, the court provided a reasonable basis for its award pursuant to A.R.S. Section 12-341.01.

### B. The court did not abuse its discretion in determining the amount of fees to be awarded.

¶14 Landlord also challenges the amount of attorneys' fees awarded. We also review the amount of attorneys' fees awarded for an abuse of discretion. *Modular Mining Sys., Inc. v. Jigsaw Techs., Inc.*, 221 Ariz. 515, 521 ¶ 21 (App. 2009). The superior court has broad discretion in determining the amount of attorneys' fees awarded under A.R.S. Section 12-341.01(A). *Vortex Corp. v. Denkewicz*, 235 Ariz. 551, 562 ¶ 39 (App. 2014). After the requesting party submits an affidavit detailing its fees, the opposing party bears the burden to show the fees are improper or unreasonable. *In re Indenture of Tr. Dated January 13, 1964*, 235 Ariz. 40, 52 ¶ 47 (App. 2014).

¶15 In Landlord's response to Tenant's application for fees, she challenged the inclusion of "pre-litigation attorney fees and costs incurred prior to the filing of this case." However, in determining the amount of fees, the court considered the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" in consideration of "the quality of the advocate, the character of the work to be done, the work that the lawyer actually performed, and the result obtained." Landlord did not establish that any particular billing entry was unreasonable, and the court did not abuse its discretion in including pre-litigation fees.

¶16 Landlord also argues the court's award of legal fees "surpass[ed] the actual value of the case" and the court had an ethical obligation to deny or reduce the fee. The court examined this, however, and determined that "[t]he low stakes should have been evident to the parties, especially after the Court found that the case was worth no more than $12,000 and ordered mandatory arbitration." The court found that "counsel could have spent less time on some tasks, and let some things go, without compromising his client's position," and, as a result, discounted the total amount of fees by over twenty percent.

¶17 On this record, Landlord failed to show the fees were improper or unreasonable. Thus, the court did not abuse its discretion by awarding fees and costs against Landlord as specified in the judgment.

**CONCLUSION**

**¶18** We affirm the superior court's judgment in favor of Tenant. Tenant requests award of fees and costs incurred on appeal citing ARCAP 21(a), A.R.S. Sections 12-341.01, -341, and/or -349. Because Tenant is the prevailing party in this appeal, we award him his costs. Further, in our discretion, we award Tenant his reasonable attorneys' fees under A.R.S. Section 12-341.01.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR